NEWS PUBLISHING COMPANY *v.* VERWEIRE ET AL.

[No. 17,089.   Filed June 11, 1943.]

452

*Townsend & Hilgemann,* of Fort Wayne, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Charles W. Grubbe,* Deputy Attorney General, for appellee.

ROYSE, C. J.—This is an appeal from a decision of the Review Board of the State Unemployment Compensation Division confirming an award of a referee which held that appellee was an employee of appellant and entitled to the benefits of the Employment Security Act, § 52-1501-§ 52-1524, Burns' 1933 (Supp.).

The question here to be determined is whether or not appellee. Verweire was an employee of appellant

within the meaning of § 52-1502 (e) (5) (A) and (B), which provides as follows:

"(5) Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the board that (A) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and (B) such individual, in the performance of such services, is engaged in an independently established trade, occupation, profession or business; or is an agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort."

The existence of the employment relationship is an ultimate fact to be determined by the Review Board. An ultimate fact need not be proved by a particular type of evidence, and an award of the Review Board must be sustained by this court if from the evidence such ultimate fact may be reasonably inferred. *Review Board of Unemployment Compensation Division of Department of Treasury et al.* v. *Mammoth Life & Accident Insurance Company* (1942), 111 Ind. App. 660, 42 N. E. (2d) 379; *Bimel Spoke and Wheel Company* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Coppes Brothers and Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845, 846, in which case the court said at pp. 301, 302: "Whether a person is an employe or an independent contractor is an ultimate fact to be determined from the evidence. It may be called a conclusion of fact, since it is a conclusion to be drawn from the contract itself, the attitude of the parties toward each other, the nature of the work, and all relevant circumstances. The intention of the parties is, of course, to be considered."

With these rules in mind we proceed to a consideration of the evidence to determine if the finding of the Review Board is sustained by the evidence.

It is disclosed by the record that appellee Verweire was an accomplished musician. His usual work was teaching bands and private pupils. He and his family maintained a studio in Fort Wayne. This studio was not a corporation or partnership, but a family affair. In 1925 he was engaged by the president of appellant to instruct boys in the News-Sentinel Band. The members of this band were not all carriers of the News-Sentinel, the evidence disclosing that at no time were more than fifty per cent of the members of the band carriers of the paper. Appellee Verweire was to be with the band when it had an engagement to play and also to rehearse with them on Tuesday evening of each week. The band would, on occasions, make trips out of the city. Ordinarily, the party requesting the band paid the expenses of the trip, but on some occasions they were paid by appellant. Appellant furnished the uniforms for the band members and Verweire, also some of the music.

During the time Verweire directed this band he also directed several other bands in Fort Wayne, and taught music in the Fort Wayne public schools. He received from appellant $25.00 per week. A weekly fee of 25 cents was to be paid to Verweire by each member of the band on rehearsal night. He gave this fee to his daughter who played the piano as an accompanist for the band. The fee was not always paid by all of the members of the band. On rehearsal night a representative of appellant's circulation department was usually present to keep the boys in order. The band was maintained by appellant for advertising purposes and to promote its good will. Verweire fixed the time of the

rehearsals. He, with appellant's circulation manager, mutually determined when and where public appearances of the band would be made. Appellant had the final right to say whether or not the band would play at a certain place, but it did not have the right to say whether or not Verweire had to be there. When, because of other engagements, he could not be present at either a rehearsal or public appearance, he would designate a substitute who would take his place. On such occasions he usually designated his son or grandson to direct the band. He presented his bill for services monthly, which was paid on the 10th of the month, as were other expense items of appellant. A number of the statements he submitted to appellant were introduced in evidence. We set out one of these as it appears in the record:

"Statement

Fort Wayne, Ind. July 1st 1938
News-Sentinel

In Account with John L. Verweire
Verweire Music Studios and Band School
Studios
~~Palace Theatre Bldg.,~~ Phone A-4198
Residence, 1227 Kinsmoor Ave., Phone H-16613

| | |
|---|---:|
| Instructing N. S. Band (June) | $100.00 |
| Music purchased for City and ("News-Sentinel" | 1.50 |
| Van Wert engagements ("Military Escort"_ | 1.50 |
| | $103.00 |

Adv. Band
MB

158"

Appellant paid its employees weekly and they were not required to submit statements. Verweire's name

never appeared on its payroll. Appellant never told him to play any specific piece of music nor gave any orders as to how he should direct the band. On May 2, 1941 he received the following letter from appellant:

"The News Sentinel
Fort Wayne, Indiana

May 2, 1941

Mr. John L. Verweire,
131 E. Berry Street,
Fort Wayne, Indiana.

Dear Mr. Verweire,

The musical knowledge imparted to members of the News-Sentinel Boys' Band has not ever been questioned. It has long been commended, and it is a source of satisfaction to know that our band has and undoubtedly will continue to impress the public favorably in the rendition of musical numbers.

It has been the opinion of those of us here at the office, concerned with the band, that we should play more popular numbers, interspersed with fewer classics, marches and more difficult compositions.

Much criticism, however, has been reflected to us in regard to the band's appearance while marching. It is upon such occasions that the quality of the music is lost when the members are not in step, out of line, or otherwise disarranged. Particularly in these militaristic times when every one is conscious of well-drilled, snappy marching units, it is most unattractive to witness a disorganized marching band.

For this reason we have engaged the services of Don Fryback to take charge of the drilling, and to continue the drills until we are satisfied that the boys are presentable for public marching.

To this end it is felt that a drum major, other than Albert, would be conducive to better results. For the present—for the drill rehearsals, Tommy Braeuer will act as drum major; whether he will continue in that capacity depends upon the pos-

sibility of his being able to arrange his other activities.

I trust you will concur with our ideas to make these needed improvements, and that we will continue to enjoy your usual good cooperation.

Sincerely yours,
The News Publishing Company
W. G. Andrews
Circulation Manager."

When, in compliance with the request of this letter, Fryback drilled the members of the band in the technique of "marching," they were not required to have their musical instruments with them. Verweire was usually present at these drills but took no part in their direction.

This is substantially the evidence upon which the award appealed from is based. Does it establish facts or can it be reasonably inferred therefrom that appellee Verwiere was an employee of appellant under the provisions of § 52-1502 (e) (5) (A) & (B), *supra*? We think not. We believe the facts in this case can lead to but the one conclusion—that the relationship between Verweire and appellant comes squarely within the provisions of the exceptions in said section of the statute. We recognize and approve the well-established rule that acts of this kind should be liberally construed in order that the beneficent intent of the Legislature shall be made effective. On the other hand the intent of the Legislature may be destroyed through judicial interpretation which broadens such an act to include persons never intended to have been so included. We are of the opinion that in enacting cl. (A) of § 52-1502 (e) (5), *supra,* the Legislature, in using the term "control or direction," intended the meaning given to these words in Webster's New International Dictionary. "Control" is there defined as:

"(4) To exercise restraining or directory influence over; to dominate; regulate; hence to hold from action; to curb; subject; overpower." "Direction" is defined as: "(3) That which is imposed by directing; a guiding or authoritative instruction; prescription; order; command."

In the instant case there is no evidence from which it might even be inferred that appellant exercised such "control or direction" over the work of Verweire. On the other hand the actions of the parties and their attitude toward each other clearly indicate they did not consider their relationship as that of employer and employee. This is particularly emphasized in the last paragraph of the letter of May 2, 1941 hereinbefore set out. The only reasonable construction which can be placed on this paragraph is that appellant hoped Verweire would agree to the changes suggested. These are not the words or methods of an employer in dealing with an employee.

We are of the opinion the evidence in this case clearly indicates Verweire, in the performance of his services for appellant, was engaged in an independently established business or profession.

The decision of the Review Board, Unemployment Compensation Division, is contrary to law and is therefore reversed.

Flanagan, J.—Not participating.

NOTE.—Reported in 49 N. E. (2d) 161.