SOUTH BEND FISH CORPORATION *v.* EMPLOYMENT
SECURITY DIVISION

[No. 17,402.  Filed November 9, 1945.  Rehearing Denied
December 10, 1945.  Transfer Denied January 15, 1946.]

*Arnold, Degnan, Goheen & Zimmerman* and *Isadore D. Rosenfeld,* all of South Bend, for appellant.

*James A. Emmert,* Attorney General, *Winslow Vanhorne,* Deputy Attorney General, and *Fred R. Bechdolt,* chief counsel of Employment Security Division, of Indianapolis, for appellee.

DRAPER, J.—This is an appeal from a judgment of the St. Joseph Superior Court No. 1, affirming the decision of a liability referee which requires appellant to pay

certain additional contributions under the Employment Security Act, being § 52-1501, *et seq.*, Burns' 1943 (Supp.).

The liability referee decided that certain route drivers who sold appellant's products, were employees of the appellant and not, as appellant contends, persons engaged in an independently established business, free from any control or direction by the appellant.

By its assignment of error that "the decision of the St. Joseph Superior Court, No. 1, is contrary to law," the appellant effectively challenges the sufficiency of the facts found to sustain the decision of the referee, and the sufficiency of the evidence to sustain the findings, § 52-1514 (b) (9), Burns' 1943 (Supp.); *Gardner* v. *Lohman Const. Co.* (1945), *ante*, p. 132, 62 N. E. (2d) 867.

The pertinent section of the statute is § 52-1502 (e) (5). It reads as follows:

"Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the board that (A) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and (B) such individual, in the performance of such services, is engaged in an independently established trade, occupation, profession, or business; or is an agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort."

There is no substantial conflict in the evidence. The findings, entirely omitting those challenged by the appellant as not being supported by the evidence, show that the appellant is engaged in the wholesale and retail sale of frozen food products. During the taxable periods

here in question, the appellant engaged the services of certain route drivers to sell its products. It furnished them without cost with a special refrigerator type truck, suitable for the handling of appellant's products, paid the expenses of operation and repair thereof, and when it was necessary for the driver to be absent from his home over night, paid his hotel and garage expenses. Its name and that of the driver were displayed on the truck. Each driver was assigned a territory, subject to appellant's right to redesignate or reassign such territory. Appellant's accounting procedure reflected that the products were sold to the drivers by the appellant, but they did not pay for them until after resale to others. The driver was charged with the products delivered to him at cost price and at the end of each weekly accounting period his weekly compensation was computed by taking into consideration the goods sold, the goods remaining unsold and the goods returned in good saleable condition to the appellant. If so requested, the route driver was required to "resell" unsold products to the appellant at the end of the week. The appellant furnished refrigeration and storage space without cost at its establishment, and in the use of such facilities, the driver was required to strictly observe the rules of the appellant governing access to and removal of products therefrom.

The driver was required to secure his requirements of the jobbed products from the appellant and was prohibited from engaging in the sale of competitive products. Sales slips and forms for use by the men were furnished by the appellant. Reports of daily sales were required from the drivers, and they were required to deliver to the appellant all cash, checks and other evidences of debt received on account of business transacted on the route. Losses from bad accounts were borne by the appellant in those cases where it had previously ap-

proved credit. The driver's services could be terminated by either party on two weeks' notice.

The liability referee is by statute made the fact-finder. His decision is by the statute made conclusive and binding as to all questions of fact if supported by the evidence. We are here reviewing the decision of a court which itself could review the record only for errors of law. § 52-1514 (b) (9). It could not weigh the evidence, nor can we.

The relationship of the parties is an ultimate fact to be determined from the evidence. *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845. That question is not always for the court in cases where there is no conflict in the evidence. "On the contrary, questions involving ultimate facts always arise from uncontradicted evidence where the primary facts established thereby might lead men of equal fairness and intelligence to draw different inferences therefrom." *Goings* v. *Davis, Director* (1924), 82 Ind. App. 231, 141 N. E. 473, 143 N. E. 174. The decision of the liability referee must, however, be set aside if the facts in the case can lead only to a conclusion different from that reached by the referee. *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. (2d) 161.

As to being engaged in an independently established trade or business, the findings disclose that the men had no financial investment in the equipment and supplies used by them, or in the products which they sold. Their operating and traveling expenses were paid by the appellant. The relationship between them and the appellant could be terminated at the will of either. They devoted their time and efforts to the work, but they employed no capital, owned no equipment, incurred no financial risk, and had no busi-

ness or overhead expense, all of which are usual to the independent trader.

As to their being free of control or direction, the men were required to observe the appellant's rules governing access to and removal of products. They were required to secure their requirements of the jobbed products from the appellant and to use appellant's forms. They were prohibited from selling competitive products. They were required to make certain reports, observe certain accounting practices, surrender cash and checks to the appellant, receive their compensation from the appellant weekly, and to operate in a territory not entirely free and unrestricted. The findings thus disclose that the men were not free from any control or direction by the appellant, who also retained the right to terminate the relationship on two weeks' notice. *Pearson Company, Inc.* v. *McDermid* (1941), 109 Ind. App. 228, 31 N. E. (2d) 642.

Some of the facts found, taken alone or in conceivable combination with some of the others, might not sustain the referee's conclusion that an employment relationship existed. Taken together, however, it seems plain to us that they do. The fact that the appellant relinquished certain controls usually retained by an employer, and permitted the men enough freedom of operation so that the employer's control rested more lightly upon the men than is usual in some types of employment, cannot alter the fact that under the findings the referee was entitled to conclude that an employment relationship existed within the meaning of the Act.

Judgment affirmed.

Bowen, J., not participating.

NOTE.—Reported in 63 N. E. (2d) 301.