JASPER VENEER MILLS, INC. *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,071. Filed January 24, 1958.]

*Nordhoff & Nordhoff*, of Jasper, and *J. Bernard Brown*, of Louisville, Kentucky, for appellant.

*Edwin K. Steers*, Attorney General, and *Keith Campbell*, Deputy Attorney General, for appellee Review Board.

ROYSE, P. J.—This is an appeal from an award of a majority of the Review Board of the Indiana Employment Security Division granting appellee Blessinger unemployment compensation insurance. One member of the Board dissented.

The sole question presented here is: Did the Board err in refusing to hear evidence on the question of whether at and immediately prior to the award said appellee had made himself available for work as required by the statute?

The record discloses the following facts: On August 18, 1956, Blessinger voluntarily quit his employment with appellant. On August 21, 1956 he obtained employment with the Louisville Cement Company at its plant near Sellersburg, Indiana. On January 17, 1957 he was laid off by that employer. He then made application for unemployment compensation. This application was granted by the Claims Deputy. Appellant thereupon appealed that determination and requested a hearing before the Appeals Referee, the basis of that appeal being: (1) that claimant quit his employment in the Jasper Veneer Mills, Inc. voluntarily without good cause, and (2) claimant is not making an effort to secure work as the term "effort to secure work" is defined in Regulation 826; and, (3) claimant has not made himself available for work as required by the Act. The Referee refused to permit appellant to introduce evidence on the question of Blessinger's availability for work. Appellant then appealed to the Review Board upon the grounds of error in his ruling, par-

ticularly that part of which held the question of availability could not be considered on appeal. As heretofore indicated, a majority of the Board affirmed the award of the Referee and Claims Deputy.

Appellee Friend, as a member of the Board, dissented. Because in our opinion this dissent correctly states the rule of law which must guide our decision, we quote it in part:

"In the subsequent hearing, the referee ruled that the availability for work of the claimant was not at issue and he consequently denied to the employer the right to introduce evidence with respect to the employer's contention as above quoted. Thereafter the employer's appeal to the Review Board from the decision of the referee again alleged that the claimant had failed to meet the test of availability for work.

"In my opinion, the question of the claimant's availability for work was properly at issue in the referee's hearing. In view of the referee's negative ruling on this point, the Review Board either should procure additional evidence itself with respect to the claimant's availability, or should remand the case to the referee for the taking of such additional evidence.

"The question involved here is that of whether the referee, or Review Board in the event of an appeal, has the right and responsibility to inquire into a claimant's availability for work in conjunction with a hearing on a determination, or a review of a decision, involving the issue of whether a disqualification should be imposed, particularly where the appellant specifically has raised the issue of availability in its statement of contentions.

"The burden of showing entitlement to benefits with respect to availability for work, as contemplated by Section 1403 of the Act, always rests with the claimant. This rule has virtually universal acceptance in this and other states. Hence the claimant is on notice at all times of his responsibility of showing that, in order to be eligible for benefits, he is available for work in each week of unemployment for which he claims benefits."

Section 52-1538b, Burns' 1951 Repl. (Pocket Supp. 1957), provides, in part, as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work: Provided, That such 'effort to secure work' shall be defined by the board through rule or regulation which shall take into consideration whether such individual has a reasonable assurance of re-employment and, if so, the length of the prospective period of unemployment: Provided, further, That if an otherwise eligible individual is unable to work or unavailable for work on any normal work day of the week he shall be eligible to receive benefits with respect to such week reduced by one-third [1/3] of his weekly benefit amount for each day of such inability to work or unavailability for work. For the purposes of this act [§§52-1525—52-1563b], unavailability for work of an individual shall be deemed to exist but shall not be limited to, any case in which, with respect to any week, it is found:"

In the case of *Walton* v. *Wilhelm et al.* (1950), 120 Ind. App. 218, 223, 91 N. E. 2d 373, this court, speaking through Draper, C. J., said:

"The appellant had the burden of establishing his 'availability for work' within the meaning of Burns' 1933 (1949 Supp.), §52-1538b. Therefore, like any other party who has the burden of proof and who has been unsuccessful below, he comes to this court under the obligation of showing that the evidence, as construed most favorably to his adversary, entitled him to relief which was denied him. *Haynes* v. *Comm.* (1944), 353 Mo. 540, 183 S. W. 2d 77; *Copeland* v. *Comm.* (1946), 197 Okla. 429, 172 P. 2d 420; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Pearson Co.* v. *Cohen* (1949), 118 Ind. App. 699, 83 N. E. 2d 433."

See also, *Miles* v. *Review Board of the Indiana Employ-*

*ment Security Division et al.* (1951), 120 Ind. App. 685, 96 N. E. 2d 128, and numerous authorities cited therein.

In this case neither the Referee nor the Board, in making the award, made any reference to whether appellee Blessinger was available for work. An examination of the record discloses no evidence was heard on this question. It was incumbent on the appellee to show by substantial evidence that he was available for work. Therefore, the Board erred in not permitting appellant to introduce evidence on this question.

The award is reversed and remanded to the Review Board of the Indiana Employment Security Division, with instructions to permit the parties, if they so desire, to introduce evidence as to the availability of Blessinger, and to make a finding as to his availability.

NOTE.—Reported in 147 N. E. 2d 594.