VAN BENTHUYSEN *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION ET AL.

[No. 18,962. Filed February 21, 1958.]

*Butler & Lewis, Edward D. Lewis* and *Paul H. Johnson, Jr.,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *William S. McMaster,* Deputy Attorney General, for appellee Review Board.

*Joseph G. Wood,* of Indianapolis, for appellee Meier Electric & Machine Co., Inc.

COOPER, J.—The only issue presented to us by this appeal is whether there is any evidence of probative value to sustain the finding of the Review Board, that the appellant herein "left work voluntarily without good cause" within the meaning of that phrase as used in the Indiana Employment Security Act, the same being §52-1539, Burns' Stat., 1951 Replacement.

The evidence in the record before us reflects that on February 15, 1956, the appellant herein did not report to work because of illness; that on February 18, 1956, the appellee employer granted the appellant a leave of absence to March 6, 1956, based upon a physician's statement of illness. The record further reveals that upon three subsequent occasions, the original sick leave was extended upon the advice of the appellant's physician, the last extension expiring April 15, 1956.

The record further reveals that during all of the aforesaid time the appellant was receiving disability benefits carried by the appellee employer. Prior to the date upon which the last extension of leave expired, the appellant informed the appellee employer that her physician was going to request another additional sick leave extension. Upon receiving this information, the appellee employer informed the appellant that under

a new rule which was in effect that it would be necessary for the appellant to submit to a physical examination by the company physician in order to secure further disability benefits under their insurance policy. The appellant submitted to said physical examination on the thirteenth day of April, 1956. The record reflects upon the same day the examining physician made the following report to the appellee employer:

"Mrs. Margaret M. VanBenthuysen was examined today, age 48. Blood pressure is 130/80 which is good. Temperature is 98 which is good for her age. She claimed she was underweight but the scales and chart for her age and height show she is 17 lbs. overweight. Nose has been injured but is well areated. Heart, lungs and kidneys are good. Microscopic examination shows good. Pelvis and its contents O.K. She is a little nervous but takes too much coffee and seems to have outside worry. She is able to work.

"After a very thorough examination including a microscopic examination of her urine, we find Margaret M. VanBenthuysen to be in good health, except some decayed teeth, enlarged tonsils & nervous. We believe her nervous condition would be improved if she went to work & got her mind off of her troubles."

Thereafter, the appellee employer informed the appellant to report for work on April 16, 1956, if she wished to retain her job.

The appellant did not return to work on April 16, 1956. The record reflects that during the trial of this cause the appellant introduced the following statement from a physician associated with appellant's doctor:

"Recovered from severe nervousness and physical rundown condition. May return to work on April 30, 1956."

The record reveals that the appellant secured this statement after her services had been terminated by

the appellee employer, and to satisfy the local office. (Note: We presume the local office as used means the local Employment Security Office.)

The record further reveals that the appellant admitted that her physician had not given her a physical examination for over a year, while the company's physician gave her a complete physical examination.

Upon the foregoing evidence, the Review Board made the following pertinent decision based upon the Board's "Findings and Conclusions" which we do not deem necessary to set out in full. "It is held that the claimant (appellant herein) voluntarily left her work without good cause on April 16, 1956, which disqualifies the claimant for benefits for the weeks ending April 21, 1956, through May 26, 1956, and reduces her maximum benefit amount by six times her weekly benefit amount."

In Indiana the question whether a claimant is available for work so as to be entitled to unemployment benefit payments is one of fact to be determined by the Review Board. *Adams* v. *Review Board of Indiana Employ. Sec. Div.* (1957), 237 Ind. 63, 143 N. E. 2d 564; *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650.

It is the general rule that the decision of the Board as to all questions of fact are conclusive and binding upon the court; and the court will not disturb the decision of the Board "unless reasonable men would be bound to reach a different conclusion on the evidence" in the record. *Adams* v. *Review Board of Indiana Employ. Sec. Div., supra; Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D., supra; Miles* v. *Review Bd., Emp. Sec. Div.* (1951), 120 Ind. App. 685, 690, 96 N. E. 2d 128.

In our opinion the decision of the Review Board is supported by substantial evidence of probative value, and it does not appear that reasonable men would be bound to reach a different conclusion on the evidence submitted in this cause.

The appellant contends that said Act should be liberally construed and cites several authorities. To this contention we readily agree; however, in discussing liberal construction of the Indiana Employment Security Act, in the case of *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 457, 49 N. E. 2d 161, Judge Royse, in speaking for the court, said:

> "We recognize and approve the well-established rule that acts of this kind should be liberally construed in order that the beneficent intent of the Legislature shall be made effective. On the other hand the intent of the Legislature may be destroyed through judicial interpretation which broadens such an act to include persons never intended to have been so included."

See, also, *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 96, points 1, 2; 21 N. E. 2d 65.

Decision of the Review Board affirmed.

NOTE.—Reported in 147 N. E. 2d 910.