DAWE *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,463. Filed October 18, 1961.]

*Sydney L. Berger,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Keith Campbell,* Deputy Attorney General, for appellees, Review Board and members thereof.

*Wilbur F. Dassel,* of Evansville, for appellee, Schnacke Manufacturing Company.

PFAFF, C. J.—This was an action brought by the appellant, Robert E. Dawe, against the appellee, Schnacke Manufacturing Company, for benefits under the Indiana Employment Security Act.

The appellant became unemployed on September 18, 1959, and on September 21, 1959, he filed his application for benefits with the Indiana Employment Security Division's local office at Evansville, Indiana. The appellee Schnacke Manufacturing Company filed an Eligibility Information Report contending that appellant left his employment voluntarily without good cause.

The Evansville office of the Indiana Employment Security Division on October 9, 1959, entered a finding and conclusion that appellant quit his employment because he was dissatisfied with a lower rate of pay and that his action constituted quitting voluntarily without

good cause. As a result of this conclusion, there was a determination that appellant's benefit rights were suspended as of September 18, 1959, and thereafter until such time as the claimant earns the amount of $360.00 or more in employment as defined by the Act. The appellant on October 16, 1959, filed a request for a hearing before a referee and a statement of his contention. This hearing was held on October 29, 1959, and as a result of this hearing, Paul B. Newman, the appeals referee of the Indiana Employment Security Division, affirmed the ruling which had previously been made by the Evansville office.

The appellant then filed an appeal of the referee's decision to the Review Board. The appellant did not file a request for permission to introduce additional evidence and the Board did not order the taking of additional evidence. Upon the records and evidence previously submitted, the Board concluded that appellant failed to prove that he had good cause for voluntarily quitting his employment and affirmed the decision of the referee. The appellant prosecutes this appeal assigning as error that the decision of the Review Board is contrary to law.

Sec. 52-1539, Burns' 1951 Replacement (Supp.) provides in part as follows:

"An individual shall be ineligible for waiting period or benefit rights: For the week in which he has left work voluntarily without good cause or has been discharged for misconduct in connection with his work, and for all weeks subsequent thereto until such individual has thereafter earned remuneration equal to not less than ten (10) times his weekly benefit amount in employment as defined in Section 1508 (§52-1539g) hereof; . . ."

The evidence in this case clearly shows that the appellant left his employment. Thus, in view of the above

statutory language, the primary question presented in this appeal is whether the appellant had good cause to leave his employment.

The findings and conclusions of the Review Board are as follows:

"The Board finds that the claimant was employed by the employer herein for approximately three years.

"It is further found that the claimant voluntarily quit his employment on September 18, 1959, after working only one hour on said date and with no advance notice to his employer.

"It is further found that on February 17, 1958, which was nineteen months prior to his quitting, the claimant suffered an injury to one of his eyes and thereafter, was frequently absent from his employment.

"It is further found that prior to claimant's injury and up to the time of four days prior to his quitting, the claimant was employed as a 'working' group leader at an hourly wage rate of $2.10.

"It is further found that due to the claimant's excessive absenteeism he was removed from the job as a group leader and transferred to the day shift as a machine operator at the wage rate of $1.85 per hour, which was the highest paid rate in his particular group.

"It is further found that the claimant has failed to substantiate his contention that the work at the time of his quitting was too strenuous and injurious to his health.

"It is further found that the claimant has failed to give the employer any opportunity to make any possible adjustment in his duties and at the time the claimant quit his job, he had no prospects of other employment.

"The Board concludes from all the evidence that the employer's act in transferring the claimant to another job was reasonable under the circumstances then existing.

"It is further concluded that the claimant has failed in his burden of proving that he had good

cause for voluntarily quitting his employment on September 18, 1959."

The evidence most favorable to the Review Board's decision reveals that the appellant on February 17, 1958, received an eye injury. Subsquent to the injury, the appellant was away from his work and under the care of a physician until March 28, 1958. Appellant was permitted to return to work on that date but was advised by his physician not to lift anything in excess of fifteen pounds. The appellant, prior to his injury and after returning to work, was in the position of a working group leader. After his return to work on March 28, 1958, and until he took a vacation in August of 1959, he was frequently absent from his work. Appellant contended that these frequent absences were due to his eye injury and another injury which occurred when certain cyanide was splashed on him. When appellant returned from his vacation in August, 1959, appellee employer reduced him from the position of group leader to that of machine operator. The reason for this reduction was his frequent absences according to the appellee. The change in his position also resulted in a reduction of his hourly wage from $2.10 per hour to $1.85 per hour.

The appellant worked three full days on the new job and, after working one hour on the fourth day, quit. Appellee's foreman testified that appellant asked what his new wage was on the fourth day of the new job and when he was informed that his hourly wage had been reduced to $1.85 per hour the appellant remarked, "I can't work for that kind of money," and then proceeded to make out his time ticket, punched out and went home.

There was a conflict in the evidence as to how much weight appellant had to lift on the new job. Appellant

himself testified that on the new job he was required to lift material weighing in excess of fifteen pounds while appellee's foreman testified to the contrary. Appellant also testified that his real reason for quitting was because of health; that being required on the new job to lift materials in excess of fifteen pounds would be injurious to his health.

Sec. 52-1542k, Burns' 1951 Replacement (Supp.), provides:

"Any decision of the review board shall be conclusive and binding as to all questions of fact. Either party to the dispute, the board or the director may, within thirty (30) days after notice of intention to appeal as herein provided, appeal the decision to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

This section of the statute was discussed in the case of *Merkle* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 108, 111, 90 N. E. 2d 524, wherein this court stated:

"Burns' 1933 (1949 Supp.), §52-1542k, provides that: 'Any decision of the review board shall be conclusive and binding as to all questions of fact.' This means that we are not at liberty to weigh the evidence. We must accept the facts as found by the board and can disregard them only in the event they are not sustained by any evidence of probative value. *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N. E. 2d 500; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *Craddock Furniture Corp.* v. *Nation* (1944), 115 Ind. App. 62, 54 N. E. 2d 295, 55 N. E. 2d 121."

This court in the case of *Van Benthuysen* v. *Rev. Bd. of Ind. etc.* (1958), 128 Ind. App. 274, 277, 147 N. E. 2d 910, stated:

"It is the general rule that the decision of the Board as to all questions of fact are conclusive and

binding upon the court; and the court will not disturb the decision of the Board 'unless reasonable men would be bound to reach a different conclusion on the evidence' in the record. *Adams* v. *Review Board of Indiana Employ. Sec. Div., supra; Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D., supra; Miles* v. *Review Bd., Emp. Sec. Div.* (1951), 120 Ind. App. 685, 690, 96 N. E. 2d 128."

For additional authority on the finality of findings of the Review Board see *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, ■ 116 N. E. 2d 650. Our Supreme Court in the case of *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind. 63, 143 N. E. 2d 564, also held that the decision of the Board as to all questions of fact is conclusive and binding upon the court and the court will not disturb the decision of the Board unless reasonable men would be bound to reach a different conclusion on the evidence in the record.

In view of the authorities cited above, it is clear that in this state the law is well settled that the facts found by the Review Board must be accepted by the court on review unless reasonable men could be bound to reach a different conclusion on the evidence. It is therefore essential to next determine if the question of whether or not the appellant voluntarily quit his employment, with or without good cause, is a fact question for the Review Board. It is obvious that it is a fact question. This question was enunciated in the case of *Nordhoff* v. *Review Board of Indiana Emp. Sec. Div.* (1959), 129 Ind. App. 378, 156 N. E. 2d 787, wherein we stated:

"The question of whether appellant voluntarily quit her work with or without good cause is primarily a fact question for the Review Board. ■ And the question of what is good cause must ultimately be determined in the light of all facts of the particular case."

378

Appellant argues that he quit his employment because of health reasons and that this constituted good cause. Appellant further argues that it was never the intention of the legislature to have the Indiana Employment Security Act used as a club by an employer to force an employee to jeopardize his health. As to this latter contention, we fully agree with the appellant that the legislature never intended to have the act used as a club by an employer to force an employee to jeopardize his health. However, whether the health reason was the compelling factor in the appellant's quitting his employment, was a fact question and the Board found that it was not the reason he quit. There is evidence in the record to support the said findings of the Review Board and we cannot say that reasonable men would be bound to reach a different conclusion on the evidence submitted in this case.

Decision of the Review Board affirmed.

Bierly, Gonas and Kelley, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 472.