GARDINER *v.* REVIEW BOARD OF INDIANA EMPLOYMENT
SECURITY DIVISION.

[No. 20,131. Filed March 3, 1965.]

2

Dean Overholser, Ronald E. Melichar, Obear & Overholser, of Delphi, for appellant.

Edwin K. Steers, Attorney General and William Haase, Deputy Attorney General, for appellee.

FAULCONER, C. J.—Appellant filed her claim December 5, 1962, with the Lafayette office of the Indiana Employment Security Division for unemployment compensation benefits. From a determination by the Claims Deputy that she was "not considered in the general labor market as defined by the Act", suspending benefit rights as of January 22, 1963, appellant appealed to the referee. A hearing was held June 12, 1963, and on June 13, 1963, the referee affirmed the Claims Deputy's determination and held appellant unavailable for work and ineligible for benefits as of January 22, 1963, to and including May 18, 1963. This decision was affirmed by the Review Board, its findings and conclusions reading as follows:

> "It is the opinion and the Board now finds that the efforts of the claimant and her lack of interest in obtaining employment in a shop other than her own as a beauty operator would not constitute good faith to find work and that claimant does not meet the statutory requirements as to availability for work."

The finding that appellant is unavailable for work is a finding of ultimate fact, Adams et al. v. Rev. Bd. Ind. Emp. Sec. Div. et al. (1957), 237 Ind. 63, 69, 143 N. E. 2d 564; Van Benthuysen v. Rev. Bd. of Ind., etc.

.(1958), 128 Ind. App. 274, 277, 147 N. E. 2d 910; *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650; *Nelson* v. *Review Board, Employment Sec. Div.* (1949), 119 Ind. App. 10, 16, 82 N. E. 2d 523; *Welch* v. *Review Board of Indiana, etc.* (1944), 115 Ind. App. 230, 235, 58 N. E. 2d 363; which may not be disturbed unless from a review of the evidence reasonable men would be bound to reach a contrary result. *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al., supra; Van Benthuysen* v. *Rev. Bd. of Ind., etc., supra; Walton* v. *Wilhelm* (1950), 120 Ind. App. 218, 225, 91 N. E. 2d 373.

The only evidence in the record on the question of appellant's availability and efforts to secure work is the testimony of appellant on June 12, 1963.

■ Acts 1955, ch. 317, §8, p. 971, §52-1538b, Burns' 1964 Replacement, here involved, reads, in part, as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work: Provided, That such 'effort to secure work' shall be defined by the board through rule or regulation which shall take into consideration whether such individual has a reasonable assurance of re-employment and, if so, the length of the prospective period of unemployment: * * * ."

Regulation 826 of the Indiana Employment Security Board reads, in part, as follows:

"The term, 'effort to secure work,' as herein defined, shall require a claimant to show that he has, in addition to registering for work pursuant to Section 1402 of the Indiana Employment Security Act, followed a course of action which, with respect to individuals in the same or similar circumstances as the claimant, ordinarily results in the

securing of suitable work, considering the customary methods of securing work in occupations which are suitable for the claimant and the current condition of the labor market.

"A claimant shall be ineligible for unemployment compensation benefits for any period for which the Division finds that he has failed to make 'effort to secure work.' The facts and circumstances in each case shall be considered in determining whether 'effort to secure work' has been made. Subject to the foregoing, applicable actions of the following kind will be considered 'effort to secure work' if found by the Division to constitute a reasonable means of securing work by the claimant, under the facts and circumstances of his particular situation:

\* \* \* \* \*

"c. *Making application with such employers as may reasonably be expected to have openings suitable to the claimant \* \* \*.*" (Emphasis supplied.)

The statute, §52-1538b, *supra,* requires that the Board must find that a claimant is "available for work" and is making an "effort to secure work" before awarding unemployment benefits.

The burden of establishing availability is upon the claimant. *Jasper, etc.* v. *Rev. Bd. Ind. Emp. Sec. Div.* (1958), 128 Ind. App. 197, 200, 147 N. E. 2d 594; *Walton* v. *Wilhelm* (1950), 120 Ind. App. 218, 223, 91 N. E. 2d 373; *Howells* v. *Review Bd., Emp. Sec. Div.* (1951), 122 Ind. App. 14, 16, 102 N. E. 2d 382.

There is no precise definition of the term "available for work", and each case must depend upon the facts and circumstances surrounding it, considered against the background of the purposes and objectives of the Act. *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 278,

116 N. E. 2d 650; *Walton* v. *Wilhelm, supra* (1950), 120 Ind. App. 218, 223, 91 N. E. 2d 373.

As was said in *Walton* v. *Wilhelm, supra,* at pages 223-224 of 120 Ind. App.:

> "We think availability involves an actual attachment to the labor force. A good faith offering of the claimant's services is a prerequisite to availability. Exposure to the labor market must be sincere and unequivocal. A professed willingness to work, accompanied by or following conduct wholly inconsistent therewith will not serve to establish availability. Good faith cannot exist independently of honest intention."

We can find no evidence in the record to support the Board's finding that appellant lacked interest "in obtaining employment in a shop other than her own as a beauty operator." Appellants' uncontradicted testimony was that she was free to do "factory work or beauty work, anything"; that a representative of the Employment Security Division told her to "drop the beauty business and look for factory work"; that she had made four contacts with each of two firms, and three contacts with a third firm seeking factory work during a five month period; and that the beauty shops she knew didn't need or want anyone.

Under this uncontradicted evidence in the record, we feel that reasonable men would be bound to conclude that appellant had made a good faith offering of her services and that her exposure to the labor market was sincere and unqualified, and that she was thus "available for work" as defined by §52-1538b, *supra*. So, too, had appellant's "effort to secure work" met with the definition of that term in Regulation 826, *supra,* by her "making application with such employers as may reasonably be expected to have openings suitable to the claimant."

The decision of the Review Board is, therefore, reversed for further proceedings not inconsistent herewith.

Carson, Martin and Prime, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 677.