FURR *v.* INDIANA EMPLOYMENT SECURITY BOARD.

[No. 20,320. Filed September 16; 1965.]

*James R. Cotner, Lewis R. Katz,* and *Snyder, Bunger, Cotner & Harrell,* of Bloomington, for appellant.

*John J. Dillon,* Attorney General, and *Keith Campbell,* Deputy Attorney General, of Indianapolis, for appellees.

CARSON, J.—This action comes to us on appeal from a decision of the liability referee of the Indiana Employment Security Board.

The issues arise as a result of a notice served upon the appellant by the board notifying him that he had been assessed as an employer under the provisions of the Indiana Employment Security Act.

The appellant filed a protest to the initial determination and requested a hearing and after hearing by the liability referee an order was issued providing that the appellant pay the sum of $1626.63 together with the interest in the amount of $127.31 and that the penalty thereon be waived. Appeal was taken within the time prescribed by the statute and the appellant assigns as error that the decision of the liability referee is contrary to law. This is the only assignment necessary to bring the full matter before us for review.

The applicable portion of the statute being §52-1532 of Burns' 1964 Replacement, reads as follows:

"(a) Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the board that (A) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and (B) such individual, in the performance of such services is engaged in an independently established trade, occupation, profession or business; or is an agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort."

The appellee agrees with the statement of the appellant as to the nature of the action, what the issues were, how they were decided, the concise statement of the record and the condensed recital of the evidence in narrative form.

Briefly stated the evidence indicates that the appellant was operating a data processing company to

count premium coupons for various retail stores; the coupons being sent to him by the stores which he serviced; the actual work of counting was farmed out to various individuals who contacted the appellant in response to newspaper advertising; the majority of the persons doing the counting were housewives who performed this work in their own home and after sorting and counting the coupons returned them to the appellant with their tabulation; some of the persons so working used sorting bins which were home constructed; some used sorting bins which had been furnished them by the appellant's predecessor in business; some sorted them out on the top of a card table or kitchen table; sometimes an adding machine loaned by the appellant was used for tabulation; some of the workers pressed into service various members of the family in the evening and on holidays; settlement was made on a piece work basis.

Both the appellant and the appellee agree that provision A and B of the section above set out are conjunctive, and that for an individual to be exempted under the act the requirements of both sections must be met. The contention on the part of the Employment Security Board is that these workers do not come within the provisions of section B which reads as follows:

" . . . (B) *such individual, in the performance of such services is engaged in an independently established trade, occupation, profession or business; or is an agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort.*" (Our emphasis)

The assignment of error calls upon us to determine whether or not considering all of the evidence most

favorable to the appellee, reasonable minded men would have arrived at a result contrary to that arrived at by the liability referee. This is in accordance with the rule of law established by our Supreme Court in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, and repeatedly affirmed by the court, most recently in the case of *Hinds, Executor Etc.* v. *McNair, et al.* (1955), 225 Ind. 34, 129 N. E. 2d 553.

The appellant does not exercise the right of hiring and firing as those terms are generally used, but terminates the work of an unsatisfactory coupon sorter by not giving such worker additional coupons. Very little is invested by the sorter to perform his work, most of the supplies being furnished by the appellant. It is significant that no special equipment is necessary to perform the work involved. Cases cited by the appellant are not particularly applicable to the case before us since they applied to common law doctrines of employment and did not involve the interpretation of the special statute. The nearest case in point which we have found as a result of our own research is the case of *Peasley* v. *Murphy* (1942), 381 Ill. 187, 44 N. E. 2d 876. In that case the court had before it for consideration a factual situation involving women described as home workers performing services for an employing unit and the court held them to be employees under the Illinois Act. Further in the case of *Concrete Materials Corp.* v. *Gordon* (1946), 395 Ill. 203, 69 N. E. 2d 841, 847, the court had before it a factual situation wherein certain women addressed envelopes in their home and placed in the envelopes certain advertising material. In that case the court said:

"'The proof in this record falls far short of showing that those who performed the services were 'en-

gaged in an independently established trade, occupation, profession or business.' They were not so engaged. With a single exception, none of these individuals were engaged in any business activity at the time they started to work for appellant. All of them applied to appellant for work either in response to advertisements in newspapers or on the suggestion of others. They were required to do the work in the manner prescribed by appellant. They were each instructed by appellant to adopt a trade name. The adoption of a trade name was for the work of appellant and not independent of such work. The requirement of appellant of the adoption of a trade name as a condition to employment suggests an effort to by-pass the provisions of the Unemployment Compensation Act. *Murphy* v. *Daumit*, 387 Ill. 406, 56 N. E. 2d. 800. None of them at any time while working for appellant did any similar work for others. They were not engaged in an independently established business. If they had an established business it was established for the purpose of doing the work which they were employed to do for appellant and not independent of such work. They had no established business independent of the work which they did for appellant. Their businesses were established solely for that purpose. Most of the workers were housewives. The only business which they had outside of their household and domestic duties was the work they were doing for appellant."

We are of the opinion, based upon the evidence and surrounding circumstances of the case, that the "sorters" were employees within the meaning of the statute and that the decision of the liability referee should be affirmed.

Judgment affirmed.

Prime, P. J. and Faulconer, J. concur.*

---

*While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.

Wickens, J. not participating.

NOTE.—Reported in 210 N. E. 2d 127.