INGRESS-PLASTENE, INC., *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, ET AL.

[No. 1167A86. Filed July 9, 1968. No Petition for Rehearing filed.]

*Harding, Harding and Henthord,* and *Robert B. Harding, of* Crawfordsville, for appellants.

*John J. Dillon,* Attorney General, and *William E. Matheny,* Deputy Attorney General, for appellees.

PFAFF, J.—This is an action brought by the appellee, Dorothy J. Leever, against the appellant, Ingress-Plastene, Inc., for unemployment benefits under the Indiana Employment Security Act. The Referee found for the appellee, and on appeal to the Review Board his decision was affirmed. It is from this decision that this appeal arises, the appellant assigning as error that the decision of the Review Board is contrary to law.

Since the only assignment of error herein is that the decision of the Review Board is contrary to law, this court on appeal may only consider (1) whether the findings of fact are supported by some evidence of probative value and (2) whether the facts properly stated are sufficient to sustain the award.

The findings and conclusions, as stated by the Board, are as follows:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant voluntarily left work with this employer when she was transferred to a different department.

"It is further found that claimant's voluntary leaving of work was due to the requirement of working a rotating 7-day shift in the department to which she was transferred and her inability to obtain baby-sitting services on such a schedule.

"It is further found that claimant had not been required to work a 7-day rotating shift until the day before she quit work.

"It is further found that such a shift was not in existence at the time claimant was initially hired by the employer, but was determined by the current management to be the most economical practice.

"It is further found that the employer's assignment of claimant to a 7-day continuous rotating shift represented a drastic change in her terms of employment and rendered such employment unsuitable for claimant (see Review Board Case No. 65-R-195).

"The Review Board concludes that claimant left work voluntarily but with good cause within the meaning of § 1501 of the Act.

"The testimony of claimant clearly indicates that at the time she quit work there was no one available that she would trust with the care of her five minor children through the night, and that such condition had not changed at the time of the referee hearing. The Review Board therefore finds that claimant was not available for and willing to accept employment on each standard work shift which prevails in her community in the type of work for which she is by training and experience best qualified.

"The Review Board concludes that claimant was unavailable for work within the meaning of § 1403 of the Act from May 12, 1967, the date she filed her initial claim, to and including July 19, 1967, the date of her hearing before the referee.

"DECISION: The decision of the referee is affirmed this 4th day of October, 1967. Claimant left work voluntarily but under nondisqualifying circumstances. It is initially

determined that claimant was unavailable for work within the meaning of § 1403 of the Act from May 12, 1967, to and including July 19, 1967. Claimant's unavailability subsequent to July 19, 1967, is remanded to the concerned local office."

Section 52-1539g, Burns' 1968 Cum. Supp., provides in part as follows:

"(b) An individual shall be ineligible for waiting period or benefit rights for any week in which such individual left work *voluntarily* because of a *parental obligation*." (Emphasis supplied)

One of the questions before this court is whether the inability of the appellee, Dorothy J. Leever, to obtain a baby sitter falls within the ambit of the aforementioned provision. We are of the opinion that the ability or inability of a parent to obtain a baby sitter clearly comes within the meaning of "parental obligation" as set forth in the statute.

The remaining question before this court is whether the appellee Leever left her work voluntarily. This fact is conceded by the appellees, and we are of the opinion that she voluntarily terminated her employment due to a parental obligation. Under the aforementioned statute she is not entitled to benefits.

It should be noted that the Review Board based its findings and conclusions on ch. 4, § 6 of the Acts of 1936 (Spec. Sess.). Said section was repealed by Acts 1947, ch. 208, § 1501, and last amended by Acts 1967, ch. 310, § 19, § 52-1539, Burns' 1968 Cum. Supp.

It is the opinion of this court that the case at bar falls within the meaning of § 52-1539g (b) of the Act.

The decision of the Review Board is, therefore, reversed and remanded for further proceedings consistent with this opinion.

Cook, P.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 238 N.E. 2d 490.