NORMAN A. BOERGER INSURANCE, INC. *v.* INDIANA EMPLOY-
MENT SECURITY BOARD AND KEITH CAMPBELL,
LIABILITY REFEREE.

[No. 2-273A54. Filed October 17, 1973.]

*Jack W. Lawson, Stephen R. Snyder, Dunten, Beckman, Wyneken, Lawson & Fruechtenicht,* of Fort Wayne, for Appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellees.

## I.

## STATEMENT ON THE APPEAL

STATON, J.—Norman A. Boerger retired as president of Norman A. Boerger Insurance, Inc. The board of directors retained him as a consultant at One Hundred Dollars ($100.00) per month. Later, he was determined to be the fourth (4th) employee of Norman A. Boerger Insurance, Inc. by an audit examiner of the Employment Security Division. This determination qualified Norman A. Boerger Insurance, Inc. as an employer under the Employment Security Act. A notice and demand for Seven Hundred Fifteen Dollars and Seventy-Seven Cents ($715.77) was made by the Indiana Employment Security Division upon Norman A. Boerger Insurance, Inc. The demand was protested and a hearing before a liability referee was held. A negative decision was rendered upon the protest filed by Norman A. Boerger Insurance, Inc.

The issue presented by this appeal is whether the decision of the liability referee is contrary to law; did Norman A. Boerger's services qualify as employment under the Employment Security Act?[1]

Our opinion concludes that Norman A. Boerger Insurance, Inc. did not carry its burden of proof and establish by the evidence that Norman A. Boerger is not an employee under the Act. We affirm the decision of the liability referee.

## II.

## STATEMENT OF THE FACTS

The retirement of Mr. Norman A. Boerger was announced at the June 4, 1962 meeting of the board of directors. They decided that Mr. Boerger should be retained as a consultant

---

1. § 701 of the Employment Security Act was amended in 1971. IC 1971, 22-4-7-1; Ind Ann. Stat. § 52-1531 (Burns 1972 Supp.). However, at all times important herein, the provision as set out in Ind. Ann. Stat. § 52-1531 (Burns 1964) is determinative.

to the corporation at One Hundred Dollars ($100.00) per month. The minutes of this board of director's meeting attended by Norman A. Boerger, N. Richard Boerger and S. Pauline Boerger is as follows:

"The President pointed out to the Board of Directors that the corporation would not have available to itself the services of Mr. Norman A. Boerger who was the former president of the corporation and who had intended to enter into semi-retirement. The President advised that he had several discussions with Mr. Norman A. Boerger over the weekend and that he had been able to induce Mr. Norman A. Boerger to act as a consultant to the corporation for the sum of $100.00 per month. The President was of the opinion that this would be an excellent opportunity for the corporation to continue its stabilized growth and recommended that appropriate favorable action be taken by the Board of Directors. Mr. Norman A. Boerger then excused himself from the meeting and in his absence it was moved, seconded and unanimously supported that the corporation avail itself of the services of Mr. Norman A. Boerger as a consultant to the corporation on a month to month basis at the rate of $100.00 per month. The relationship of Mr. Boerger is to be that of an independent consultant and Mr. Boerger is not to be construed or considered as an employee of the corporation."

Similar resolutions were passed each year thereafter including 1970 and 1971, which is the period here in question.

During the period that Mr. Boerger remained as a consultant to the corporation, he spent 25-30% of his time at the office. There were no hours set for Mr. Boerger to be at the office and no indications of control over his activities. While in the office, Mr. Boerger would occasionally answer the telephone, read business reports and converse with his son as well as insurance brokers who might be in the office. He did not act as a consultant for any other insurance agency, and no evidence was presented to establish that he did any consulting for Boerger Insurance, Inc. The sole express purpose for this arrangement between Mr. Boerger and Norman A. Boerger Insurance, Inc. was to retain Mr. Boerger's pres-

ence in the office from time to time thereby enhancing the operation of the insurance agency through its use of his name.

## III.

## STATEMENT OF THE ISSUE

Norman A. Boerger Insurance, Inc. had the burden of proof to establish that Norman A. Boerger's services were not employment subject to the Employment Security Act but were excluded under IC 1971, 22-4-8-1; Ind. Ann. Stat. § 52-1532(a) (Burns 1972 Supp.):

"(a) Services performed by an individual for remuneration shall be deemed to be employment subject to this article [§§ 52-1525—52-1563b] irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the board that (A) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract of service and in fact; (B) such service is performed outside the usual course of business for which the service is performed; and (C) such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed; or is a sales agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort."

Looking to the evidence, we must decide the issue of whether the liability referee's decision is contrary to law. We affirm the referee's decision.

## IV.

## STATEMENT ON THE LAW

The liability referee concluded ". . . that the employer herein failed to establish its burden of proof to show that Mr. Norman Boerger was in fact completely without some control to bring him under the exclusion in IC 1971, 22-4-8-1 (a)." This is a negative decision upon the protest of Norman A. Boerger Insurance, Inc. We can consider only whether the

findings of fact are supported by some evidence of probative value and whether the facts properly stated are sufficient to sustain the conclusion of law by the referee. *Ingress-Plastene, Inc.* v. *Review Board of the Employment Security Division* (1968), 143 Ind. App. 95, 238 N.E.2d 490. What constitutes control or direction under the statute is a factual question. Each case must be decided upon its own particular facts. The Indiana Appellate Court in *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 457, 49 N.E.2d 161, 163 stated that:

> ". . . [T]he Legislature, in using the term 'control or direction,' intended the meaning given to these words in Webster's New International Dictionary. 'Control' is there defined as: '(4) To exercise restraining or directory influence over; to dominate; regulate; hence to hold from action; to curb; subject; overpower.' 'Direction' is defined as: '(3) That which is imposed by directing; a guiding or authoritative instruction; prescription; order; command.' "

The mere assertion of a legal conclusion as set forth in the minutes of the board of directors, to-wit: ". . . The relationship of Mr. Boerger is to be that of an independent consultant and Mr. Boerger is not to be construed or considered as an employee of the corporation," does not in and of itself establish the statutory exclusion. The relationship is established factually. Freedom from control includes freedom from the right to control. The evidence submitted to the liability referee at the hearing does not negate the inference that Norman A. Boerger Insurance, Inc. had the right to immediately discharge or terminate the services of Norman A. Boerger. *Park Improvement Company* v. *Review Board of the Unemployment Compensation Division of the Dept. of Treasury of Indiana* (1941), 109 Ind. App. 538, 36 N.E.2d 985. Norman A. Boerger Insurance, Inc. contends that its control over Norman A. Boerger was even less than that shown in *Alumiwall Corporation* v. *Indiana Employment Security Board* (1960), 130 Ind. App. 535, 167 N.E.2d 60; the real distinction

being that the lack of control was shown by the evidence in *Alumiwall Corporation* v. *Indiana Employment Security Board, supra.* The factual assessment in *News Publishing Co.* v. *Verweire, supra,* shows that Verweire not only taught several other bands in Fort Wayne, Indiana but he fixed the time of rehearsals and had the final say as to whether or not the band would play at certain places. When he could not be present, he appointed a substitute. Furthermore, he maintained a music studio where other students availed themselves of his services. The manner of remuneration coupled with the factual independence from control clearly established him as an independent contractor. None of the evidence or reasonable inferences available in *News Publishing Co.* v. *Verweire, supra,* are available to Norman A. Boerger Insurance, Inc.

No evidence was presented which would establish that Norman A. Boerger was an independently established consultant. Provisions (A), (B) and (C) of IC 1971, 22-4-8-1, *supra,* must be considered conjunctively. *Furr* v. *Indiana Employment Security Board* (1965), 137 Ind. App. 519, 210 N.E.2d 127. Upon reviewing the proceedings before the liability referee, we conclude that Norman A. Boerger Insurance, Inc. has failed to meet its burden of proof which is to establish by the evidence that Norman A. Boerger's services are excluded as a matter of law under IC 1971, 22-4-8-1, *supra.*

## V.

### DECISION OF THE COURT

The liability referee's decision is not contrary to law. Norman A. Boerger Insurance, Inc. had the burden of proof to establish its exclusion. Under IC 1971, 22-4-8-1; Ind. Ann. Stat. § 52-1532(a) (Burns 1972 Supp.) provisions (A), (B) and (C) must be considered conjunctively. The evidence presented by Norman A. Boerger Insurance, Inc. failed to show that Norman A. Boerger was free from control and

direction in connection with the performance of his service; that Norman A. Boerger performed such services outside the usual course of the business for which the service is performed; and that Norman A. Boerger customarily engaged in an independently established consulting business.

The decision of the liability referee should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 301 N.E.2d 797.