**J. L. SOUDER, d/b/a J. L. Souder, Chiropractor, Appellant (Employing Unit),**

v.

**The INDIANA EMPLOYMENT SECURITY BOARD and William E. Matheny, Liability Referee for the Indiana Employment Security Board, Appellees (Division).**

**No. 2–1281A413.**

Court of Appeals of Indiana, Third District.

June 28, 1982.

David A. Kruse, Kruse, Kruse & Cherry, Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Gerald A. Coraz, Deputy Atty. Gen., Indianapolis, for appellees.

STATON, Judge.

J. L. Souder, a licensed chiropractor, was assessed a contribution to the employment security fund as an employing unit under the Employment Security Act by the Employment Security Board. After Souder protested the Board's decision, the assessment was affirmed by the Liability Referee. On appeal, Souder assigns as error the following issue:[1]

Was Souder an "employing unit" under Ind.Code 22-4-6-1?

We affirm.

I.

Contribution Liability

After graduating from high school, Shari Myers worked as a receptionist-typist in Souder's office from March until August, 1979. Before Myers began working, Souder interviewed her and explained that she would be working as an "independent contractor" and would be ineligible as an employee to recover employment or workmen's compensation. Souder further explained that Myers would be an "independent contractor" of the Jack Souder Family Trust, not Souder personally. Myers agreed and signed the "independent contractor" agreement tendered by Souder. Myers's duties included answering Souder's phone, collecting and making receipts for fees paid, making appointments, and guiding patients into Souder's examination room.

After five months' work, Myers quit intending to enroll in a chiropractic assistant's school in Iowa. When her schooling plans and further job prospects failed, Myers applied for unemployment compensation. Myers's application triggered the Employment Security Division's investigation and assessment of Souder.

1. Because we find that Souder was Myers's employer, we decline to address Souder's jurisdictional argument that the Board improperly served him personally without serving the Jack L. Souder family trust.

Souder's assignment of errors that the decision of the Liability Referee is contrary to law presents us with a question of the sufficiency of the evidence supporting the Liability Referee's decision. Ind.Code 22–4–32–12. Because Souder appeals from the negative judgment of the Liability Referee, he has the burden of proof to establish that Myers's services were not employment subject to the Employment Security Act. *Norman A. Boerger Insurance, Inc. v. Indiana Employment Security Board* (1973), 158 Ind.App. 154, 301 N.E.2d 797, 799. The Liability Referee acts as the finder of fact in contribution assessment cases under the Employment Security Act. Ind.Code 22–4–32–9. His decision is conclusive and binding as to all questions of fact if supported by substantial evidence of probative value. *South Bend Fish Corporation v. Employment Security Division* (1945), 116 Ind.App. 348, 63 N.E.2d 301, 302. The Referee's decision may be set aside if the facts lead only to a conclusion different from that reached by the Referee. *Id. News Publishing Company v. Verweire* (1943), 113 Ind.App. 451, 49 N.E.2d 161, 163. We do not weigh the evidence or judge the credibility of witnesses; rather, we review the evidence and inferences favorable to the Referee's decision. *South Bend Fish Corporation v. Employment Security Division* (1945), 116 Ind. App. 348, 63 N.E.2d 301, 302.

An "employing unit" is any individual or organization which employs one or more people performing services for it within the State. Ind.Code 22–4–6–1. Services performed by a person for remuneration are deemed to be employment subject to the Act regardless of whether a common law relationship of master and servant exists. Ind.Code 22–4–8–1(a). Whether an individual or organization is an employing unit is a question of fact. *Safety Cab, Inc. v. Indiana Employment Security Board* (1968), 143 Ind.App. 572, 242 N.E.2d 25, 31. This question is answered by applying a two-pronged test: (1) whether Myers was free from Souder's control and direction over the performance of her services; and (2) whether Myers was engaged in an independently established trade, occupation, profession or business. *Safety Cab, Inc. v. Indiana Employment Security Board* (1968), 143 Ind.App. 572, 242 N.E.2d 25, 30–31. While some of the findings of fact may not sustain the finder of fact's decision, we review the facts collectively as a whole. *Id.*

Our review of the record shows that: Souder interviewed and decided to hire Myers and that he alone could have fired Myers; Myers was required to perform her services during working hours specified by Souder; the equipment and facilities used by Myers was supplied by Souder without charge to Myers; Myers performed her services only on the premises of Souder's office; and Myers had no special training for her job.[2] We conclude that the Liability Referee's decision is supported by the evidence, and that Souder has failed to show Myers was not his employee.

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.

---

**2.** We find that Souder's testimony that he was "probably" audited by the Internal Revenue Service on his 1979 tax return is hardly tantamount to "federal recognition" of Myers's employment status, as he states in his brief.