## Radley et al. v. Commonwealth.

June 20, 1944.

Raymond Connell for appellants.

Elwood Rosenbaum for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

In this action the Commonwealth obtained judgment for unemployment compensation taxes against the appellants, Carl Radley and John Enzweiler, partners, doing business as "The Dot-Knight Cab Company."

The defense was that the appellants were not subject employers under the Unemployment Compensation Law, KRS 341.010 et seq., but were engaged in the business of leasing taxicabs to independent operators.

The sole question presented is whether the drivers of the appellants' taxicabs were employees or independent contractors. If they were employees the appellants are subject to the tax but if they were independent contractors they are not so subject.

The appellants entered into written contracts or leases with the taxicab drivers. The substance of these contracts was that the appellants rented the taxicabs to the drivers for twelve hours each day, excepting any days they were unable to furnish a cab on account of necessary repairs or other unavoidable causes. The appellants furnished all gas and oil and provided public liability insurance. The drivers paid 70% of the gross

income, exclusive of tips, to the appellants each day and furnished their own drivers' licenses. The drivers agreed to operate the cabs in a safe and lawful manner, be courteous to passengers and use their best efforts to increase the business and also agreed to abstain from the use of intoxicating liquors while in possession of the taxicab and for a period of four hours prior to taking possession. The contract was terminable by the appellants at any time without notice or cause and contained a provision that the drivers were independent contractors, free from the supervision or control of the company.

Under very similar contracts, where it was shown that the cab companies advertised for business, maintained central offices with telephone service from which calls were relayed to the taxi stands and operated under a fixed schedule of fares, it has generally been held that the relation of employer and employee existed so as to impose liability on the cab company for injury to third persons by the negligence of the cab drivers. Meridian Taxicab Co. v. Ward, 184 Miss. 449, 186 So. 636, 120 A. L. R. 1346; Richmond v. Clinton, 144 Kan. 328, 58 P. 2d 1116; Fitzgerald v. Cardwell, 207 Mo. App. 514, 226 S. W. 371; Lassen v. Stanford Transit Co., 102 Conn. 76, 128 A. 117. Similarly, it has generally been held in such circumstances that the drivers are employees of the cab companies and that the companies were subject to unemployment compensation taxes. Kaus v. Unemployment Compensation Commission, 230 Iowa 860, 299 N. W. 415; In the Matter of Farwest Taxi Service, 9 Wash. 2d 134, 114 P. 2d 164; Jones v. Goodsen et al., 10 Cir., 121 F. 2d 176. In the Iowa case it was said that the fact that the cab company procured the license to operate the cabs had a bearing upon the relation between the parties and indicated that the cab company, and not the driver, was engaged in the taxi business.

While the additional facts mentioned in the cited cases do not appear here, we think our statutes governing the licensing and operation of taxicabs, KRS 281.450 et seq., together with the degree of control retained by the appellants over the taxicab drivers by the contracts, require that the drivers be regarded as employees of the appellants, rather than as independent contractors. Under the statutes, license to operate a taxicab may only be issued to one who applies therefor and the application must show the place where the applicant proposes

to operate and the list of all drivers to be employed and if any changes are made in drivers these changes must be made known to the Division of Motor Transportation. The operator must either furnish a bond or a policy of insurance indemnifying persons who may sustain damage by any act connected with the operation of the vehicle.

Under these statutes it is clearly the appellants, and not the drivers to whom the cars are purportedly leased, who are engaged in the taxi business. The statutes contemplate that the driver who operates the taxicab for the person holding the license is an employee of the latter and not an independent contractor. It is only the person who makes application and receives the license who can be regarded as the taxicab operator. The appellants, by the contract, agreed to perform one of the most important duties required of taxicab operators, that of furnishing public liability insurance on the taxicabs. It is only the licensed operator of the cabs who can furnish this indemnity. The appellants are the taxicab operators and the drivers, to whom the cabs are purportedly leased, are not, in fact, the taxicab operators' but mere employees of the company. The facts, viewed apart from the written contract, make them so and the provision of the contract that the drivers are independent contractors, free from the supervision or control of the appellants, is ineffective to overcome the legal inference drawn from the facts.

Viewed realistically, the plan of operation can be regarded as nothing more than an effort to avoid consequences flowing from the relation of employer and employee. The trial court correctly held that the appellants were subject employers.

Affirmed.