STATE EMPLOYMENT SECURITY BOARD ET AL. *v.*
MOTOR EXPRESS, INC.

[No. 17,521. Filed November 26, 1946.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,*

First Deputy Attorney General, *Winslow Van Horne,* Deputy Attorney General, and *Fred R. Beckdolt,* Legal Counsel of Employment Security Division, for the state.

*Howell Ellis,* of Indianapolis, for appellee.

FLANAGAN, J.—This is an action originally instituted before the liability referee of the State Employment Security Board to recover contributions paid to the Employment Security Division. From an unfavorable decision appellee appealed to the Marion Circuit Court. That court reversed the decision of the referee.

The question here presented is whether certain hauling service constitutes employment within the meaning of the Indiana Employment Security Act.

Appellee, during the times here involved, was a common carrier by motor vehicle, transporting property for hire in interstate and intrastate commerce. As a part of its business, the corporation operated terminal facilities at Anderson, Fort Wayne, Kokomo, Marion, South Bend and Indianapolis. The majority of its business was done with its own equipment and with company-employed drivers. However, some of its hauling was done by persons who owned their own trucks. These are the persons involved in this case.

Two classes of service were rendered. One called "over the road" service consisted of transporting property from one city to another. The other, called "city pick-up and delivery" service, consisted of transporting property to or from one of the company's terminals within the city where that terminal was located. The "over the road" service was performed under an oral contract entered into each time a trip was to be made. The "city pick-up and delivery" service was performed under standard written agreements which were entered into for a year at a time subject to cancellation by either

party. In either case the truck or tractor used was owned by the individual with whom the agreement was made by the company. Such individual might own one or more trucks and might drive himself or furnish drivers. For "over the road" service the compensation was a flat rate per mile. For "city pick-up and delivery" service the compensation was at a stipulated rate per hundredweight. In the performance of either service the method, manner and time of performance were not specified by appellee. The persons who were performing such services had the right to and did haul for persons other than appellee.

The statutory definition of employment contains two tests, both of which must be met before services performed for remuneration can be excluded from the coverage of the act. First, it must be shown that the individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and second, such individual, in the performance of such services, must be shown to be engaged in an independently established trade, occupation, profession or business. § 52-1502, Burns' 1933 (Supp.), § 10168-2, Baldwin's 1934 Supp.; *In re Zeits* (1941), 108 Ind. App. 617, 31 N. E. (2d) 209; *Park Improvement Co.* v. *Review Board, etc.* (1941), 109 Ind. App. 538, 36 N. E. (2d) 985; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. (2d) 161.

Under the facts above set forth the individuals were free from control or right of control by appellee. They were free to perform the services contracted for in such method and manner as they saw fit. It is true that the right to cancel a contract may indicate the reservation of a right to control but we do not

consider it so indicative here where the facts clearly show the contrary.

It seems equally clear that the individuals who contracted with appellee were engaged in an independently established business. They owned their own equipment, they had full control of their own employees and they performed services for persons other than appellee.

For similar cases in which a like result was reached see *United States* v. *Mutual Trucking Co.* (1944—C. C. A.—6th Circuit), 141 F. (2d) 655, and *Commercial Motor Freight Inc.* v. *Ebright* (1944), 147 Ohio St. 127, 54 N. E. (2d) 297.

The decision of our Supreme Court in the case of *Bates Motor Transport Lines, Inc.* v. *Mayer, Admx.* (1938), 213 Ind. 664, 14 N. E. (2d) 91, is not in conflict. In that case there was evidence that the employee was under the control of the employer and that he was not engaged in an independently established business.

Appellants insist that the Marion Circuit Court should have remanded the case to the referee to take additional evidence. We cannot agree. This is not a case where there is an absence of evidence on some fact found by the referee. To the contrary, the evidence is abundant but it establishes a fact opposite to the one which the referee found.

Judgment affirmed.

NOTE.—Reported in 69 N. E. (2d) 603.