YOUNG D/B/A ABC CAB COMPANY ET AL. *v.*
INDIANA EMPLOYMENT SECURITY BOARD ET AL.

[No. 19,745. Filed February 4, 1963.]

*Plummer & Plummer* and *A. H. Plummer,* of Wabash, for appellants.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellees.

RYAN, J.—The Indiana Employment Security Board made an assessment and demand against the appellants for contributions, interest and penalties for the years 1957, 1958, 1959 and 1960, for contributions due from appellants as an employer under the Employment Security Act. Appellants filed their protest to such assessment, and a hearing was held before the Liability Referee who determined that appellants were subject to such assessment under the Act, and from this ruling of the Referee the appellants appeal, assigning as error that such determination by the Referee was contrary to law.

To sustain their contention, appellants assert that the question with which we are presented is whether or not "under the operation of the taxicab business by appellants" there was a relationship between appellants and the drivers of such cabs of an "independent contractor" or whether the relationship was that of an "employer and an employee."

The applicable section of the Employment Security Act which governs the present case is §52-1532, Burns' 1951 Replacement, which reads as follows:

"52-1532. 'Employment' defined. — 'Employment,' subject to the other provisions of this

section, means service, including service in interstate commerce performed for remuneration or under any contract of hire, written or oral, express or implied.

"(a) Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the board that (A) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and (B) such individual, in the performance of such services is engaged in an independently established trade, occupation, profession or business; or is an agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort."

The question of the status of the taxicab driver to the owner of the cabs is a question upon which the decisions of our courts do not appear to be in complete harmony. Apparently this is because the particular result in each instance is usually governed by a varying combination of facts and each case seems to be decided on its own set of circumstances. There is thus no hard and fast rule which can be laid down governing the question. The only distinction to be made is that which is pointed out in the Annotation at 10 A. L. R. 2d 369, where the cases on this question are collected, as to the cases decided under the Social Security Act where Congress had adopted the common law concept of the word "employee."

In this case the appellants owned five (5) motor vehicles which were licensed for use as taxicabs pursuant to the ordinances of the city of Wabash, Indiana. Of these five (5) vehicles, the appellants had three (3) in service. The drivers entered into a written agreement with appellants, the terms of which in

substance provided that the lessor-appellants would furnish gas, oil, repairs and upkeep on the cabs; that they would keep liability insurance on the cabs and that they would furnish an office and would notify the lessee-drivers of calls to be made. The driver-lessee in turn agreed to operate the cab in a lawful and careful manner, and to use it for no purpose other than that of a taxi and in a manner most efficient to the taxicab business. They further agreed to pay the appellants sixty (60%) per cent of the receipts from the operation of the taxis, and agreed to charge their passengers according to the fare schedule which would be furnished from time to time by the appellants, and further that they would make such settlement at the end of each day. The terms of the lease were on a day to day basis, terminable by either party at the end of any day. It further contained the provision that the lessee was an independent contractor and not a servant of the owner.

While the record before us is silent on what would seem to be many salient points, it is apparent that the appellants were the owners of the motor vehicles and also that they were the ones authorized and licensed under the ordinances of the city of Wabash to operate such vehicles as taxicabs. When appellants found it necessary to procure drivers, they would insert an advertisement in the paper which would in substance state that they were taking applications for cab drivers.

The appellant, Carlos Young, who was the only one who testified for and on behalf of the appellants, also testified that he tried to keep a backlog of men and that the men who would get the cabs would be the ones whom he considered the most efficient of the group applying.

The record further discloses that while no driver was ever "fired," appellant assumed he would have the authority in case he received any "serious complaints" on a driver to "discharge" such driver, primarily to "protect" his taxi "license."

Appellants further retained some sense of control over the hours which the drivers would work through a loose system of seniority, although such system in turn was limited by the fact that only three of the cabs were in operation at one particular time. The evidence further reflects that the appellants maintained their own garage where they serviced and repaired the cabs, and that they maintained a central office to receive calls for passenger pickups and a radio transmitter to relay such calls to the drivers by a two-way radio. Calls from passengers were primarily received in this central office of appellants, and, as we have stated, were then directed to the driver by radio. There was no evidence to indicate whether or not the cabs were equipped with meters, but the driver maintained a trip sheet which showed the place of the pickup, the amount of the fare paid, and certain other data, which was turned into the appellants' employees in the central office at the end of the day.

The statutory test to be applied to this factual situation is whether or not the drivers were "free from control or direction over the performance of such service" and whether they were "engaged in an independently established trade, occupation, profession or business." In applying the direction or control test we have previously stated that the common meanings should be given to such words. *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *Alumiwall Corp.* v. *Ind. Emp.*

*Sec. Board* (1960), 130 Ind. App. 535, 167 N. E. 2d 60. While some of the facts taken alone or in combination with some of the others might not sustain the conclusion that appellants exercised the necessary direcion or control over the drivers, taken as a whole it seems plain that they did. They were required to charge according to the fare schedule which was given them by the appellants, to account to the appellants at the end of each day as to the day's receipts, to furnish appellants with a trip sheet, to operate the automobile in a manner most efficient to the taxi business, and it seems apparent that the appellants had some direction or control over the hours of work and also as to who would be employed, and the appellants further retained some direction or control over the process of discharging or firing.

As to being engaged in an independently established trade or business, the drivers employed none of their own capital, owned none of the equipment, had no business or overhead expense, nor did they incur any financial risk. The appellants are the ones who were engaged in the taxi business, and the drivers devoted their time and effort to the important function necessary to the taxi business of driving and operating such cabs.

As to the provision in the lease itself that the drivers were independent contractors and not servants of the appellants, the principle that such provision is "ineffective to overcome the legal inference drawn from the facts," *Radley* v. *Commonwealth* (1944), 297 Ky. 830, 181 S. W. 2d 417, is applicable here.

The determination of the Liability Referee is therefore affirmed.

Cooper, C. J., and Carson and Clements, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 489.