SPERRY RUBBER & PLASTICS COMPANY *v.* INDIANA EMPLOYMENT SECURITY BOARD ET AL.

[No. 20,087. Filed July 22, 1966. Rehearing denied November 1, 1966.]

*L. A. Obenshain, Taft, Stettinius and Hollister,* of Cincinnati, Ohio, *Leland B. Cross, Jr.,* and *William R. Riggs* and *Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell, William C. Haase* and *William Matheny,* Deputy Attorneys General, and *Lynville G. Miles,* of Indianapolis, for appellees.

SMITH, C.J.—We are called upon in this case to consider an appeal brought to us by the Sperry Rubber & Plastics Company from a decision of the Indiana Employment Security Board. Appellant, Sperry Rubber & Plastics Company is engaged in the manufacturing and sale of extruded rubber, plastic and silicone products and for such purpose operates two plants in or near Brookville, Indiana.

In February, 1961, Local 905 of the International Union of Electrical, Radio and Machine Workers (AFL-CIO) was certified by the National Labor Relations Board as the bargaining agent for appellant's hourly rated employees. The Union and the Company immediately entered into contract negotiations. These negotiations continued into April, 1961. At that time, negotiations broke down, and on April 17, 1961, as a result of a strike vote, all but a few of the employees went out on strike. The plant was completely shut down for one week.

Pursuant to its announced policy, appellant began to hire new employees to replace those on strike. By the end of June, all of the employees who had gone out on strike had been replaced and production was once again at its pre-strike level. By a letter dated June 26, 1961, appellant informed those employees who were still on strike that they had been replaced.

The replaced employees, hereinafter referred to as appellees, initiated this action by seeking unemployment compensation benefits under the Indiana Employment Security Act.

After a hearing by the appeals referee, appellees' claims were denied pursuant to Section 1504 of the Act.

The appellees appealed from the referee's decision to the Review Board. The claimants, however, did not perfect their appeal on Form No. 651 prescribed by the rules and regulations duly adopted and promulgated by the Indiana Employment Security Board. The appeal was initiated, as part of a group claim, and was contained in a letter submitted by the attorney for appellees' Union to the Review Board. Said claim was transferred to the Indiana Employment Security Board for review. The Board allowed appellees' claims for benefits beginning on June 26, 1961.

The appellant now appeals to this Court claiming that the decision of the Indiana Employment Security Board is contrary to law.

In reversing the above decision of the Indiana Employment Security Board, we need only refer to an opinion recently handed down by this Court in *Sperry Rubber and Plastics Co.* v. *Review Board of the Indiana Employment Security Division; and Emma Ledford* (1966), 139 Ind. App. 503, 216 N. E. (2d) 530. In a per curiam opinion in this case this Court reversed the decision of the Review Board because the appellee had failed to comply with rule and regulation No. 10,007 duly adopted and promulgated by the Employment Security Board. This rule and regulation reads as follows:

"All pleadings, reports, and papers filed in connection with disputed claims must be on forms prescribed and furnished by the Division. All applications, petitions, motions, and pleadings must be upon forms prescribed by the Board and must be filed in quadruplicate, unless a greater number is indicated by a note on the form to be used. Unless it is otherwise provided, all such forms, pleadings, and papers in connection with disputed claims shall be filed with the deputy at the office of the division where the claim was filed."

This Court in *Sperry Rubber and Plastics Co. v. Review Board of the Indiana Employment Security Division; and Emma Ledford, supra,* also invoked Section 52-1544 of Burns Indiana Statutes which requires the Board to administer the act and authorizes it to adopt rules and regulations as follows:

> "It shall be the duty of the board to administer the provisions of this act [§§ 52-1525—52-15636] and, in addition to all other powers conferred on the board, it shall have the power and authority to adopt, amend or rescind such rules and regulations, to employ such persons, make such expenditures, require such reports, make such investigations and take such other action as it may deem necessary or suitable for the proper administration of this act. *All rules and regulations issued under the provisions of this act shall be effective upon publication in the manner hereinafter provided and shall have the force and effect of law."* (Emphasis supplied)

The case of *Sperry Rubber and Plastics Co. v. Review Board of the Indiana Employment Security Division; and Emma Ledford, supra,* is a companion case to the case at bar because both actions arose out of the same set of circumstances and involve a determination of the same issues. The appellees in both cases were all replaced employees of the same appellant, and all appealed to the Review Board simultaneously by a group claim via a letter sent by the Union's attorney to the Board. This letter was an improper method of perfecting an appeal to the Board as prescribed by the rules and regulations of the Board. Therefore, none of the appellees initiated an appeal in compliance with the rules and regulations duly adopted and promulgated by the Indiana Employment Security Board pursuant to the Employment Security Act.

It is the Court's opinion that the rules and regulations set forth in the case of *Sperry Rubber and Plastics Co. v. Review Board of the Indiana Employment Security Division; and Emma Ledford, supra,* are also applicable to the case at bar, and for that reason we are required to reverse the decision of

the Indiana Employment Security Board and hold that under the rules and regulations of the Board the decision of the Board is contrary to law.

This case is herewith returned to the Indiana Employment Security Board of the Indiana Employment Security Division to take any action not inconsistent with this opinion.

Hunter, J., concurs.

Bierly, J., dissents.

Mote, J., not participating.

## ORDER

On July 22, 1966, this Court filed with the Clerk of the Supreme and Appellate Courts an opinion in the case of *Sperry Rubber & Plastics Company* v. *Indiana Employment Security Board, et al,* the same being Cause No. 20087.

On August 9, 1966, the appellees in said cause of action filed a petition for rehearing.

The Court after consideration of the petition for a rehearing and the matters set forth therein, and being duly advised in the premises, is of the opinion that the opinion should be amended by deleting the last paragraph of the opinion and substituting in lieu thereof the following last paragraph:

"This case is herewith returned to the Indiana Employment Security Board to take any action not inconsistent with the opinion."

and when so amended, the appellees' petition for a rehearing should be denied, and it is so ordered.

Dated at Indianapolis, Indiana, this 1st day of Novermber, 1966.

Smith, C.J.

NOTE.—Reported in 218 N. E. 2d 358. Order on denial of rehearing reported in 220 N. E. 2d 781.