WANATAH STONE CO., INC., ET AL. *v.* THE INDIANA EMPLOYMENT SEC. BD.

[Consolidated Cases No. 20,757 and 20,758. Filed May 3, 1968. No petition for rehearing filed.]

*Matthew E. Welsh, Henry E. Bradshaw, Grace M. Curry* and *Bingham, Summers, Welsh & Spilman,* of counsel, of Indianapolis, for appellants.

*John J. Dillon,* Attorney General, and *William E. Matheny,* Deputy Attorney General, for appellees.

BIERLY, J.—Appellants filed protest to assessments for delinquent contributions, interest and penalty allegedly due under the Indiana Employment Security Act. The proceeding was held before the Liability Referee of said board.

Two cases were involved. The Indiana Employment Security Board issued notice to and demand for payment to each appellant. Objections to each assessment were made.

The issues were identical in each case and concerned the question whether "certain individual truck owners who contracted with appellants to haul stone and other commodities on a unit-haul basis were employees of the appellants within the meaning of the Indiana Employment Security Act."

Inasmuch as the cases involved common questions of law and fact, they were consolidated by the Liability Referee for hearing and decision.

The Liability Referee rendered findings against both appellants and made an assessment of $3,519.34 against appellant, Wanatah Trucking Co., Inc., for delinquent contributions, interest and penalty, and made an assessment of $1,440.46 against the appellant, Wanatah Stone Co., Inc., for the same alleged delinquencies.

Both appellants, within time permitted by statute to give notice of intention to institute judicial review of proceedings, gave such notice on March 14, 1967, and the sole error as-

signed by both appellants was that the decision of the Liability Referee is contrary to law.

Both appellants filed petitions with this court to consolidate the causes on appeal, which were granted by the court on the 18th day of April, 1967.

Inasmuch as the issue involved in this appeal is concerned with an interpretation of the term "employment" as used in the Indiana Employment Security Act of 1947, we quote the pertinent statutory definition of that term as follows:

> " 'Employment,' *subject to the other provisions of this section,* means service, including service in interstate commerce performed for remuneration or under any contract of hire, written or oral, express or implied" (emphasis supplied).

Services performed for remuneration as distinguished from those performed under contract of hire are presumptive or statutory employment unless such services meet the test set forth in Burns' Indiana Statutes § 52-1532(a), which provides:

> "(a) Services performed by an individual for remuneration shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Board that (A) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and (B) such individual, in the performance of such services is engaged in an independently established trade, occupation, profession or business; or is an agent who receives remuneration solely upon a commission basis and who is the master of his own time and effort."

From the foregoing statutory definition of "Employment," there are two conditions, (A) and (B), which must be met before service performed or remuneration received can be excluded from coverage under the Act. The Liability Referee held that "the conditions of the test for determining employment under the statute are conjunctive and both conditions specified in the law must co-exist. When the service and relationship fails to meet the test statutory employment results."

The Liability Referee also found that:

"While the protesting employers herein have proved that they exercised little or no control over the service rendered, and over the owner-operator therein involved, *they have not proven that the right of control did not exist.* As a matter of record the right of direction and control is expressly provided the employers therein pursuant to the executed written lease arrangement between the said employers and the individual owner-operators as found in the Referee's Finding #5" (emphasis supplied).

The Referee in his findings cited the following three Appellate Court cases in construing the provisions of § 801(a) of the Indiana Employment Security Act. These decisions do not support the Referee's decision. The cases cited are: *Alumiwall Corp.* v. *Ind. Emp. Sec. Board* (1960), 130 Ind. App. 535, 167 N. E. 2d 60; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *State Emp. Security Board* v. *Motor Express* (1946), 117 Ind. App. 113, 69 N. E. 2d 603.

The appellant, Wanatah Stone Co., Inc., located at Wanatah, LaPorte County, Indiana, conducts the business of buying and selling stone and other materials essential to road or highway construction. The Public Service Commission of Indiana issued a certificate of public convenience and necessity to said company authorizing it as a common carrier to engage in both intrastate and interstate commerce. The appellant, Wanatah Trucking Co., Inc., as a subsidiary corporation, is engaged in the work of transporting such material by motor vehicles, and operates as a truck carrier for hire by virtue of a contract carrier's permit issued by said P.S.C.I.

According to the evidence, Wanatah Stone Co., Inc., owns no trucks; but Wanatah Trucking Co., Inc., does own trucks, and employs approximately 30 operators. When needed, additional transportation facilities are leased from other transportation companies or from third persons who are paid on the same basis, from the same account, and are subject to the same form of equipment lease.

The controversy involved in this appeal arose when an alleged employee seeking a claim for unemployment compensation presented the claim at the Michigan City office of the Employment Security Division. Wanatah Trucking Company had not reported this claimant as an employee. Through investigation, it was discovered that the claimant, Eugene Howard, had worked for one of the company's contract haulers, a Mr. Bass. This situation led to an audit by a field examiner of the Division. The field examiner placed said contract haulers into three classifications: common carriers, truck brokers, and individual truck owners without authority to operate as carriers or brokers. The examiner excluded the first two classes as being exempt from the statutory definition of employee, but held that the individual truck owner-operators were subject to an assessment as employees of the appellants. The Liability Referee confirmed the report of the examiner. Appellants contend, as heretofore pointed out, that such truck owners of contract haulers are not employees within the meaning of the Employment Security Act.

The evidentiary facts concerning the operation of the truck owners or contract haulers in the case at bar and in support of appellants' claim for exemption from the tax may thus be summarized:

Trucks were bought and paid for by the haulers, without financial assistance from either of the appellants;

Some of the haulers owned more than a single truck;

These trucks were either operated by the owners or by someone hired by the owner;

They furnished their own tools, their own equipment, and bought and paid the fees for their own license, and they paid the personal property tax on the trucks;

While haulers carried no authority issued by the P.S.C.I. to operate either as a common or contract carrier, the usual procedure was for the haulers to operate under the authority issued to appellant, Wanatah Stone Company;

Haulers used appellant's (Wanatah Stone Company) authority as evidenced by a P.S.C.I. decal affixed to their trucks when hauling for said company;

Haulers bought and paid for oil and gasoline used in their trucks, at service stations selected by them;

Haulers provided and paid for the repairs and maintenance on their trucks without any financial assistance from appellants;

Haulers provided public liability, property damage, and all other necessary insurance at their own expense;

Haulers bore the responsibility for safely transporting cargo on their trucks and were liable for any cargo damages;

Haulers were required to pay out of their own funds any fines for speeding and over-weight violations;

Haulers, by use of the telephone, and by distribution of postcards showing their home address and telephone numbers, solicited other business; however, they placed no advertisement in the yellow pages of the telephone book or any trade publications advertising their business operations;

Haulers Pickett and Handley lived in Chicago, and hauler Farrell lived in Seymour, Indiana;

Haulers hauled for other companies in addition to either of the two appellants.

Evidence also revealed that some haulers engaged in some other type of business, and many of them bought stone from Wanatah Stone Company, Inc., and sold the same to their own customers;

Haulers filed tax returns and paid their federal income taxes and social security taxes as self-employed persons.

We are of the opinion that the evidence clearly reveals that the hauling arrangements between the truck owners and appellants did not meet the test of employment as defined in the Indiana Employment Security Act.

When considering that the truck owners purchased their trucks with their own funds, employed their own methods of transacting business with the use of their own equipment, and taking into account the intention and understanding between the haulers and the appellants, we fail to see any probative evidence upon which the Referee was justified in finding that said haulers were employees within the meaning of the Indiana Employment Security Act.

In the case of *South Bend Fish Corp.* v. *Employ. Sec. Div.* (1946), 116 Ind. App. 348, 63 N. E. 2d 301, it is stated that tools owned by and necessary for a truck owner to operate a trade or business, was necessarily indicative that such truck owner was engaged in an independently established business or trade within the meaning of the Act. The court in that case used language which pertained to and is characteristic of an established business or trade, as follows:

"They devoted their time and efforts to the work, but they employed no capital, owned no equipment, incurred no financial risk, and had no business or overhead expenses, all of which are usual to the independent trader;"

Therefore, the basis of the court's finding in that case does not support the contention of the appellees.

Appellees have also cited *Young etc.* v. *Indiana Emp. Sec. Bd.* (1963), 134 Ind. App. 263, 187 N. E. 2d 489, in the support of their contention that truck owners were employees of appellants' and thereby subject to the Indiana Employment Security Act. A perusal of this case reveals a significant statement which is at variance to the case at bar. Said statement reads as follows:

"As to being engaged in an independently established trade or business, the drivers employed none of their own capital, owned none of the equipment, had no business or overhead expense, nor did they incur any financial risk."

Thus, the case of *Young, supra,* is clearly at variance with the factual situation in the case at bar.

Both appellees and appellants cite *Neely et. al.* v. *Indiana Employment Sec. Bd.* (1962), 133 Ind. App. 185, 180 N. E. 2d 549, in support of their respective positions relative to control by appellants over the truck owners. Even though the Referee, in *Neely, supra,* found no actual control existed by appellants over truck owners, appellees interpret the written lease as containing terms indicative of some control by appellants. It seems to be quite apparent that the lease signed by appellant, Wanatah Trucking Company, and the truck owners in the case at bar, prescribed no compensation for personal services of the truck owners, nor was there any language in the lease that disclosed that appellants could control or direct the details of performance.

We think appellees' interpretation of the *Neely* case, *supra,* is in error, as this court in that case, in evaluating facts significantly similar to the facts in the case at bar, said:

> ". . . We must conclude that the appellants had neither the right to control or direct the performance of the services of the extra drivers. The evidence before the Liability Referee is susceptible to only one conclusion or inference, and that is that appellants did not have the right to control or direct the extra truck drivers in the performance of their services."

In the *Neely* case, *supra,* the court found there was no employment even though the truck drivers were operating under Public Service Commission authority issued to the company.

Apparently the exercise of control, or the lack of same, by appellants, constituted a vital factor which was considered by the Liability Referee who found "that they (appellants) exercised little or no control over the performanec of the services rendered by the owner-operators herein involved."

It certainly becomes apparent that even though the Liability Referee found that appellants exercised little or no control over the truck owners, yet he deemed it sufficient to render a finding that such control constituted the truck owners em-

ployees of appellants, and thus liable to the tax as provided under the Indiana Employment Security Act. This appraisal by the Liability Referee we are unable to accept.

We hold that the decision of the Liability Referee was contrary to law. See: *Sperry Rubber & P. Co.* v. *Review Bd. of Ind. Emp. Sec. D.* (1966), 139 Ind. App. 503, 216 N. E. 2d 530; *Sperry Rubber & Plastics Co.* v. *Indiana Emp. Sec. Bd.* (1966), 139 Ind. App. 472, 218 N. E. 2d 358.

We also hold it imperative that the Liability Referee, and also this court, in considering the statutory employment issue, must consider all the facts involved. Cases supporting this principle may be cited as follows: *Young, supra; In Re Zeits* (1941), 108 Ind. App. 617, 31 N. E. 2d 209; *News Publishing Co.* v. *Verweire, supra; Bartels* v. *Birmingham* (1947), 332 U. S. 126, 91 L. Ed. 1947, 67 S. Ct. 1547.

Appellees apparently disregarded the court's action in the above cited cases without any discussion of the same.

The truck owners in question were not considered employees under the Federal Social Security Act, and hence, it would appear that an employer who is exempt from liability to make contributions under this Act should likewise be relieved from liability to make contributions under the Indiana Employment Security Act. Burns' § 52-1562 Ind. Anno. Stat. of the Indiana Employment Security Act, in part, is as follows:

"It is declared to be the purpose of this act (§§ 52-1525—52-1563b) to secure to the State of Indiana and to employers and employees therein all the rights and benefits which are conferred under the Social Security Act of the congress of the United States or by any amendment to said Social Security Act or by any act in lieu thereof enacted by congress and to coordinate the provisions of this act. . . ."

The appellees further contend that judicial notice should be taken by the Liability Referee of the rules and regulations adopted by the Publice Service Commission of Indiana; and in support of such contention cite Burns' Indiana Statutes

§ 60-1511. In answer, the appellants contend that the rules of the Public Service Commission are not relevant in the case at bar.

The law of statutory construction does not require that the rules of one state agency are applicable to another state agency; but does prescribe a procedural method as to how they may be judicially noticed. 1 Am. Jur. 2d *Administrative Law*, § 136, stating that an administrative agency should be governed by its own regulations and rules and not those of another agency, spoke as follows:

"It has been held that there is no occasion to give one statutory creature jurisdiction over the activities of another statutory creature unless the law unmistakably so provides."

We hold that the decision of the Liability Referee is contrary to law.

We further hold that because of error in the proceedings in this case prejudicial to appellants, the decision of the Liability Referee should be reversed.

The decision and judgment of the Liability Referee is hereby reversed and cause is remanded to The Employment Security Board and the Liability Referee to enter a decision and judgment for the appellants Wanatah Stone Co., Inc., and Wanatah Trucking Co., Inc., and for such other action not inconsistent with this opinion.

Cook, P. J., Pfaff and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 514.