# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1845

_____

Ansar H. Ahmed; Andrew Matthews,       *
M.D.; Laura L. Schmitz, M.D.; Taylor       *
E. Neff, M.D.; Steven M. Falk, M.D.;       *
David R. Hardten, M.D.; John C.       *
Lillehei, M.D.; William G. Nelson,       *
M.D.; Susan F. Sencer, M.D.; James B.       *
Redmon, M.D.; William C. Heegaard,       *
M.D.; N. Judge King, M.D.; Kevin R.       *
Walker, M.D.; Kenneth K. Maslonka,       *
M.D.; Stephanie A. Hedstrom, M.D.;       *    Appeal from the United States
Kristen J. Paddon, M.D.; Daniel D.       *    District Court for the
Zimmerman, M.D.; Margaret B. Zander, *    District of Minnesota.
M.D.; David J. Slomiany, M.D.;       *
Barbara P. Strohbehn, M.D.; Scott E.       *
Julian, M.D.; Matthew P. Jones, M.D.;       *
James D. Walter, M.D.; Terry R.       *
Bowers, M.D.; Thomas Knickelbine,       *
M.D.; David Shafran, M.D.; Michael T.       *
Valley, M.D.; Kathryn Lefper, M.D.;       *
Mary D. Rathgaber, M.D.; Kwan Cho,       *
M.D.; Richard J. Gordon, M.D.;       *
Michael P. McNevin, M.D.; Rosario       *
Del Maria Crau, M.D.; Jerry J. Blow,       *
M.D.; Eduardo Esper, M.D.; John K.       *
Randall, M.D.; Michael K. Case, M.D.;       *
Deepak M. Kamat, M.D.; James J.       *
Schuh, M.D.; Katherine M. Clinch,       *
M.D.; Christoph A. Friedrich, M.D.;       *
Jeffrey D. Larsen, M.D.; Scott W.       *

Rathgaber, M.D.; David M. Leon,     *
M.D.; William J. Wengs, M.D.; Sanjay    *
R. Parikh, M.D.; Gregory C. Reuter,     *
M.D.; Gregory L. Miller, M.D.; Michael *
H. Ryan, M.D.; Philip L. Prosapio,      *
M.D.; Thomas E. Nelson, M.D.; Richard*
A. Stangler, M.D.; Richard J. Fischel,    *
M.D.; Joseph E. Dohar, M.D.; David A.   *
Gross, M.D.; Kathryn L. Pyzdrowski,    *
M.D.; John A. Faber, M.D.; Scott A.      *
Gruber, M.D.; Maureen C. Holasek,     *
M.D.; Nancy G. Silvis, M.D.; Eugenio    *
Guzman, M.D.; Craig R. Peterson,      *
M.D.; David J. Fang, M.D.; Gary L.      *
Clayman, M.D.; Pradeep Singh, M.D.;    *
Alan J. Bank, M.D.; Nigel S. Key,      *
M.D.; Kenneth L. Brayman, M.D.;      *
Thomas F. Tuttle, M.D.; Michelle M.     *
Tichey, M.D.; Wesley R. Grootwassink, *
M.D.; Christopher Carlson, M.D.;       *
Rodney J. McCutcheon, M.D.; Lee A.    *
Johnson, M.D.; Suzanne M. Powell,     *
M.D.; Sharon R. May, M.D.; Durand E.   *
Burns, M.D.; Danl P. McCormick,      *
M.D.; Nabat Jetha, M.D.; Paul R. Rust,   *
M.D.; Audrey A. Caine, M.D.; Mitchell   *
T. Wallin, M.D.; Keith P. Dahlhauser,    *
M.D.; Raj P. Terkonda, M.D.; Jamshid   *
Niknam, M.D.; Antonio Gil-Nagel,      *
M.D.; Paul E. Savoca, M.D.; Jon W.      *
Jones, M.D.; Timothy R. Olsen, M.D.;    *
Rafael O. Hernandez, M.D.,           *
                                   *

        Appellants,            *
                                   *

     v.                             *
                                   *

United States of America,                   *

                                       *

         Appellee.             *

_____

Submitted: March 12, 1998
Filed: July 17, 1998

_____

Before WOLLMAN and HANSEN, Circuit Judges, and GOLDBERG,[1] Judge.

_____

WOLLMAN, Circuit Judge.

The appellants (the residents), a group of former medical residents at the University of Minnesota Medical Center, appeal from an order of the district court dismissing their action seeking refund of Federal Insurance Contributions Act (FICA) taxes paid to the United States. We affirm, although for a reason different from that relied upon by the district court.

## I.

The social security system is essentially "a form of social insurance . . . whereby persons gainfully employed, and those who employ them, are taxed to permit the payment of benefits to the retired and disabled, and their dependants." Flemming v. Nestor, 363 U.S. 603, 609 (1960). Among the various taxes supporting the system are FICA taxes, also known as social security taxes. Under section 3101(a) of the Internal Revenue Code, FICA taxes are imposed on "wages" received by individuals "with respect to employment." 26 U.S.C. § 3101(a). These taxes are to be collected by

_____

[1]The HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

employers by withholding the proper amount from the wages of their employees.  See 26 U.S.C. § 3102(a).  Employers are required to pay FICA taxes in an amount identical to that withheld from the wages of their employees.  See 26 U.S.C. § 3111(a).  Thus, FICA taxes are "paid in part by employees through withholding, and in part by employers through an excise tax."  United States v. Lee, 455 U.S. 252, 254 n.1 (1982) (citation omitted).

Unlike private employees, employees of states and their political subdivisions are not compelled to participate in the social security system and thus are not subject to mandatory FICA taxes.  See 26 U.S.C. § 3121(b)(7).  However, states may voluntarily participate in the system by executing an agreement (section 418 agreement) with the Commissioner of Social Security.  See 42 U.S.C. § 418(a)(1).  If a state chooses this route, employees that fall within the scope of the agreement become subject to the payment of FICA taxes, as does the employing state agency.  In 1955, the State of Minnesota executed a section 418 agreement identifying certain limited coverage groups of state employees.  This agreement was modified in 1958 to add employees of the University of Minnesota as an additional coverage group.

For more than thirty years after this modification, the University did not withhold FICA taxes from stipends paid to medical residents enrolled in the University's graduate medical education program, nor did it pay the employer's portion of FICA taxes on such stipends.  This failure to withhold reflected the University's belief that the residents were not included in the coverage group identified in the 1958 modification.  On September 13, 1990, the Social Security Administration issued an assessment determining that the University's failure to withhold had been improper and that the State of Minnesota was therefore liable for nearly $8 million in unpaid social security contributions attributable to the years 1985 and 1986.  Although the State

challenged this assessment,[2] the University elected to withhold FICA taxes from the residents' stipends beginning on October 1, 1990, and continuing through December 31, 1991. The University then ceased this practice and on July 12, 1993, filed a timely refund claim with the Internal Revenue Service (IRS) seeking refund of the employer's share of FICA taxes paid during the period of withholding. In addition, because the residents had authorized the University to file administrative claims on their behalf pursuant to 26 C.F.R. 31.6402(a)-2(a)(2)(i), the University also sought refund of the employee share of FICA taxes withheld from October 1, 1990, to December 31, 1991. In support of its refund claim, the University contended that: (1) the residents were not covered employees under the terms of the 1958 modification; and (2) even if they were otherwise covered, the residents were excluded under the modification's student exclusion.

On March 28, 1996, the residents, frustrated by a perceived lack of progress[3] and desirous of asserting an additional ground for relief, commenced a civil action in district court pursuant to 26 U.S.C. § 7422 asserting that they were entitled to a refund under Section 530 of the Revenue Act of 1978, 26 U.S.C. § 3401 note (section 530).[4] The government moved for dismissal or, in the alternative, for summary judgment. On January 6, 1997, the district court issued an order granting the government's motion

---

[2]The State initially sought review on administrative appeal, but the Commissioner affirmed the assessment without modification. The State then filed a civil action in district court seeking a redetermination of the assessment. The district court granted summary judgment to the State, holding that the residents' stipends were not subject to withholding and that the assessment was invalid. We recently affirmed that decision. See State of Minnesota v. Apfel, No. 97-3141, slip. op. (8th Cir. July 6, 1998).

[3]The University's administrative claim was still pending on this date. On December 5, 1996, the IRS issued a tentative disallowance of the University's claim.

[4]Section 530 is not codified as part of the Internal Revenue Code and appears only in the notes following 26 U.S.C. § 3401.

and dismissing the residents' action with prejudice. The court concluded that it lacked jurisdiction over the residents' claims because the residents had failed to comply with section 7422(a), which requires that an administrative refund claim precede the filing of a refund suit in federal court. The residents now appeal.

## II.

Section 7422(a) of the Internal Revenue Code provides:

> No suit prior to filing claim for refund. -- No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). This section "imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations." Chicago Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994). The pertinent regulations are set forth at 26 C.F.R. § 31.6402(a)-2. Under these regulations, an employee may pursue an administrative refund claim in one of two ways. The employee may file an individual administrative refund claim, but only if "the employee does not receive reimbursement in any manner from the employer and does not authorize the employer to file a claim and receive refund or credit." 26 C.F.R. § 31.6402(a)-2(b)(1)(i). Alternatively, an employee may authorize his employer to file an administrative claim on his behalf by providing the employer with written consent "to the allowance of the refund or credit." 26 C.F.R. 31.6402(a)-2(a)(2)(i). In addition, the employer must submit a statement stating "that the employer has obtained from the employee a written statement (a) that the employee has not claimed refund or

credit of the amount of the overcollection . . . and (b) that the employee will not claim refund or credit of such amount." 26 C.F.R. § 31.6402(a)-2(a)(2)(ii).

The district court held that because they had not filed individual administrative claims but had instead authorized the University to seek a refund on their behalf, the residents failed to satisfy section 7422(a). The district court concluded that the residents' partial compliance with the regulations was insufficient:

> Although the University appropriately filed the "employer claim," [the residents] may not create a hybrid of requirements and argue that the Statute has been satisfied. They cannot comply with half of the employee filing requirements and half of the employer filing requirements and then assert that this conduct, as a whole, meets the requirements of the Statute. Such a reading of the Regulations ignores the distinction between the employee and employer filing requirements and renders meaningless [the residents'] statements that they would not file claims.

Ahmed v. United States, 1997 WL 151974 *3 (D. Minn. Jan. 6, 1997).

Section 7422(a) requires only that the civil action be preceded by an administrative claim and that the administrative claim comply with the regulations. The purpose of this requirement is to ensure that parties seek administrative remedies before bringing suit in federal court. Here, the residents did just that -- an administrative claim was filed on their behalf nearly three years before they filed the present action. However unorthodox (or hybrid, to use the district court's description) the nature of the administrative claim, it was sufficient to satisfy the fair notice requirements of section 7422(a).

The government makes much of the fact that the residents, when authorizing the University to proceed on their behalf, were required to execute a written statement indicating that they would "not claim refund or credit of such amount." 26 C.F.R. §

31.6402(a)-2(a)(2)(ii)(b). The government argues that the term "claim" should be construed broadly to include not only administrative claims for refund but also civil actions for a refund. Thus, the government argues that by executing this statement, the residents voluntarily relinquished their right to file suit in federal court. However, this reading of the term "claim" ignores the context in which it appears. The procedures set forth in 26 C.F.R. § 31.6402(a)-2 govern the filing of administrative claims and have no application outside the administrative arena. Thus, the residents' failure to file individual administrative claims does not preclude their bringing an action under section 7422(a).

## III.

Although we conclude that the district court erred in dismissing the action on jurisdictional grounds, the dismissal can be affirmed on another ground.[5] As indicated above, the residents base their claim for relief upon section 530 of the Revenue Act of 1978. Section 530 was enacted by Congress "to alleviate what was perceived as overly zealous pursuit and assessment of taxes and penalties against employers who had, in good faith, misclassified their employees as independent contractors." Boles Trucking, Inc. v. United States, 77 F.3d 236, 239 (8th Cir. 1996). Section 530 provides, in pertinent part:

> (a) Termination of certain employment tax liability. --
>     (1) In general. -- If --
>         (A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and
>         (B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be

---

[5]"We may affirm the district court's decision on any ground supported by the record." Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996).

filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

Section 530(a), 26 U.S.C. § 3401 note. Thus, section 530 allows employers to avoid liability for past-due employment taxes when the employer erroneously but reasonably classified employees as independent contractors rather than employees. See Standard Office Bldg. Corp. v. United States, 819 F.2d 1371, 1382 (7th Cir. 1987).

By its very terms, section 530 is a relief provision available only to employers who erroneously classify their employees. Section 530 applies if (1) the taxpayer does not treat a worker as an employee for employment tax purpose during a particular period; (2) the taxpayer files all required federal employment tax returns on a basis consistent with this treatment; and (3) the taxpayer has a reasonable basis for not treating the worker as an employee. See Springfield v. United States, 88 F.3d 750, 753 (9th Cir. 1996). If these requirements are satisfied, tax liability is terminated "for purposes of applying such taxes for such period *with respect to the taxpayer*." See Section 530(a)(1)(B), 26 U.S.C. § 3401 note (emphasis supplied). Notwithstanding the clarity of the statute, the residents contend that a broad interpretation of the term "taxpayer" is appropriate because they are, at least in a general sense, "taxpayers." We do not agree, for the focus of section 530 is on the taxpayer's treatment of the taxpayer's employees. In this context, it is clear that the term "taxpayer" refers only to employers and not to employees.

Furthermore, even if section 530 were construed to authorize relief for employees as well as employers, the residents' claim would remain baseless. The language of subsections (a)(1)(A) and (a)(1)(B) limits application of section 530 to

those situations in which an employer failed to treat an individual as an employee during the particular period in question. Here, on the other hand, the taxes that the residents allege they overpaid were collected because the University did treat the residents as employees during the period in question by withholding FICA taxes from their stipends. The residents nevertheless insist that because the University did not treat them as employees "for any period," their employment tax liability has been forever terminated. Section 530 does not confer eternal immunity from employment tax liability, however; it merely eliminates liability for those discrete periods of time during which the employer erroneously but reasonably failed to treat an individual as an employee.

We conclude that because section 530 does not provide a basis upon which relief can be granted, the residents' claim should have been dismissed on this ground. See Fed. R. Civ. P. 12(b)(6).

As a final matter, we note that both the government and the residents agree that the district court erred in dismissing the suit with prejudice because the dismissal was based on jurisdictional grounds. Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice. See Johnson v. Boyd-Richardson Co., 650 F.2d 147, 148 (8th Cir. 1981) ("when a dismissal is for 'lack of jurisdiction,' the effect is not an adjudication on the merits"). However, under the same rule, a dismissal for failure to state a claim upon which relief can be granted is an adjudication on the merits. See Federated Department Stores, Inc. v. Moitie 452 U.S. 394, 399 n.3 (1981). Given our holding that the residents have not stated a claim under section 530 that is the effect of the dismissal here.

The judgment is affirmed.[6]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]Nothing in our opinion should be construed as precluding the residents from ultimately recovering their respective share of FICA taxes in the University's administrative claim or in any civil action subsequently commenced by the University.