# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2816

_____

| | | |
|---|---|---|
| Glenn R. Waite, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Robert O. Hippe, Judge; Paul D. | * | District of Nebraska. |
| Empson, Judge; Sara Olsen; Ann | * | |
| Rosenberry, Clerk; James L. | * | [UNPUBLISHED] |
| Macken, Judge, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 5, 1999

Filed: July 19, 1999

_____

Before  HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Glenn R. Waite appeals from the district court's[1] order dismissing with prejudice his declaratory judgment action.  Mr. Waite asked the district court to declare unconstitutional both Neb. Rev Stat. § 24-318 (1995), which authorizes Nebraska state

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

judges to order the county attorney to investigate and possibly prosecute when it appears an offense has been committed "in connection with the trial of any cause," and Neb. Rev. Stat. § 7-101 (1997), which forbids the unauthorized practice of law.

We affirm the dismissal, because we conclude that Mr. Waite lacked standing and his claims were not ripe for review, and thus the district court lacked jurisdiction. See Steel Co. v. Citizens for a Better Env't, 118 S. Ct. 1003, 1016 (1998) (standing is threshold jurisdictional question); Johnson v. Missouri, 142 F.3d 1087, 1090 n.4 (8th Cir. 1998) (ripeness issue may overlap with standing question). Mr. Waite premises his constitutional challenge to sections 7-101 and 24-318 on a state court order requiring the court clerk to notify the county attorney if and when Mr. Waite files additional pro se pleadings in certain state court actions, and ordering the county attorney to investigate and to prosecute if a criminal offense is uncovered. We conclude that these circumstances are insufficient to create the requisite "injury in fact." See Brouhard v. Lee, 125 F.3d 656, 661 (8th Cir. 1997) (injury-in-fact, required for standing, is actual or imminent invasion of legally protected interest, which is both concrete and particularized to plaintiff); cf. Johnson, 142 F.3d at 1088-90 (holding that prisoners lacked injury-in-fact to challenge state statute imposing sanctions on prisoners who filed frivolous lawsuits, where no statutory sanctions had yet been imposed on them).

Accordingly, we affirm the district court's dismissal of Mr. Waite's action, but we modify the dismissal to be without prejudice. See Ahmed v. United States, 147 F.3d 791, 797 (8th Cir. 1998).

A true copy.

Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.